LANAK & HANNA, P.C.
Christopher M. Cullen, Esq. (Bar No. 211166)
Michael K. Murray, Esq. (Bar No. 265785)
625 The City Drive South, Suite 190
Orange, CA 92868
Telephone: (714) 550-0418
Facsimile:  (714) 703-1610
cmcullen@lanak-hanna.com
mkmurray@lanak-hanna.com

Attorneys for Plaintiff The Sherwin-Williams Company,
f/k/a Sherwin-Williams Automotive Finishes Corp.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, f/k/a SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP., <br><br> Plaintiff, <br><br> v. <br><br> JB COLLISION SERVICES, INC., d/b/a J & M AUTOBODY, and d/b/a/ EL DORADO COLLISION; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: **'13CV1946 LAB WVG** <br><br> Before the Honorable <br><br> Dept.: <br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

# COMPLAINT

Plaintiff, The Sherwin-Williams Company, f/k/a Sherwin-Williams Automotive Finishes Corp., for its Complaint against Defendant JB Collision Services, Inc., d/b/a J & M Autobody, and d/b/a El Dorado Collision; and Does 1 through 10, inclusive, states as follows:

# PARTIES

1. The Sherwin-Williams Company f/k/a Sherwin-Williams Automotive Finishes Corp. ("Sherwin-Williams") is an Ohio corporation with its principal place of business in Ohio. Sherwin-Williams is engaged in the business of, *inter alia*, selling automotive paints, coatings and related products.

{1420 20296}

2. JB Collision Services, Inc., d/b/a J & M Autobody, and d/b/a El Dorado Collision ("JB Collision") is a California corporation with two principal places of business: a location in San Diego, California and a location in Poway, California. JB Collision is engaged in the business of painting and repairing automobiles.

3. Sherwin-Williams is unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Sherwin-Williams will amend this Complaint to allege their true names and capacities when ascertained. Sherwin-Williams is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is indebted to Sherwin-Williams as hereinafter alleged, and that Sherwin-Williams' right against such fictitiously named Defendants arises from such indebtedness.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction of this action under 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are completely diverse — Plaintiff is an Ohio corporation with its principal place of business in Ohio, while Defendant is a California corporation with its principal place of business in California.

5. Venue of this action in this Court is proper under 28 U.S.C. § 1391(a)(1).

## FACTUAL ALLEGATIONS

6. On or about September 10, 2008, JB Collision entered into a supply agreement with The Sherwin-Williams Company, successor by merger to Sherwin-Williams Automotive Finishes Corp. (the "Supply Agreement"). Pursuant to the Supply Agreement, JB Collision agreed to use exclusively Sherwin-Williams automotive paint and coating products from September 10, 2008 (the "Effective Date") until the date upon which net sales, as defined by the Supply Agreement, equal One Million Three Hundred Thousand and 00/100 ($1,300,000) Dollars. (A copy of the Supply Agreement is not attached hereto as Defendant has a copy and the terms of which are confidential and proprietary).

7. For and in consideration of the mutual covenants and promises stated in the Supply Agreement, Sherwin-Williams agreed, among other promises, to provide an advance payment to JB Collision in the amount of Two Hundred Seventy-Five Thousand and 00/100 ($275,000) Dollars (the "Advance").

8. In consideration for JB Collision's agreement to exclusively purchase all of its requirements for automotive paints, coatings, and related products for the term enumerated above, Sherwin-Williams agreed to, and paid to JB Collision, the Advance and to provide products at a discount. Further, the parties contemplated that Sherwin-Williams would profit from the contract.

9. From September 2008 until January 2013, JB Collision purchased automotive paint, coatings and related products pursuant to the Supply Agreement and never objected to the quality or delivery of the products, or otherwise complained of any performance by Sherwin-Williams.

10. In January 2013, JB Collision discontinued purchasing all of its requirements for automotive paints, coatings, and related products exclusively from Sherwin-Williams.

11. JB Collision breached the parties' Supply Agreement by discontinuing all of its requirements for automotive paints, coatings, and related products exclusively from Sherwin-Williams, and by letter dated February 28, 2013, Sherwin-Williams notified JB Collision of its breach of contract.

12. JB Collision's breach of the Supply Agreement will continue to cause considerable financial harm to Sherwin-Williams in excess of the jurisdictional amount.

## **COUNT ONE**

(Breach of Contract)

(JB Collision)

13. Sherwin-Williams incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 12 of the Complaint.

14. As set forth above, JB Collision owed contractual obligations to Sherwin-

Williams pursuant to the Supply Agreement.

15. JB Collision materially breached the Supply Agreement by, *inter alia*, installing a competitive paint brand in its facilities and by failing to purchase its requirements for automotive paints, coatings, and related products exclusively from Sherwin-Williams for the specified term.

16. Sherwin-Williams fully performed under the Supply Agreement, and all conditions precedent have been satisfied.

17. As a direct and proximate result of JB Collision's breach of the Supply Agreement, Sherwin-Williams has suffered damages including, without limitation, outstanding invoices, the cost of training provided to JB Collision and its employees, the cost of toner consignments and mixing equipment provided to JB Collision, and the lost profits Sherwin-Williams was set to earn during the term of the Supply Agreement in an amount to be proved at trial.

**WHEREFORE**, Sherwin-Williams respectfully requests that the Court grant judgment in its favor and against Defendant in an amount to be proved at trial plus interest at the legal rate, attorney fees, costs of suit, and all other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 20, 2013          **LANAK & HANNA P.C.**


By: *s/ CHRISTOPHER M. CULLEN*
Attorneys for Plaintiff, The Sherwin-Williams Company f/k/a Sherwin-Williams Automotive Finishes Corp.
**CHRISTOPHER M. CULLEN**
cmcullen@lanak-hanna.com
**MICHAEL K. MURRAY**
mkmurray@lanak-hanna.com

{1420 20296}

4

COMPLAINT