1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   THE SHERWIN-WILLIAMS              )   Civil No. 13-CV-1946-LAB (WVG)
     COMPANY,                          )              13-CV-1947-LAB (WVG)
12                                     )
                     Plaintiff,        )
13                                     )   ORDER FOLLOWING
     v.                                )   DISCOVERY HEARING
14                                     )
     JB COLLISION SERVICES, INC., *et.* )
15   *al.*,                            )
                                       )
16                   Defendants,       )
                                       )
17   and                               )
                                       )
18   THE SHERWIN-WILLIAMS              )
     COMPANY,                          )
19                                     )
                     Plaintiff,        )
20                                     )
     v.                                )
21                                     )
     JTT, INC., *et. al.*,             )
22                                     )
                     Defendants.       )
23                                     )
                                       )
24

25   **I. INTRODUCTION**

26         On June 10, 2014, the Honorable Larry A. Burns, United States District Judge,

27   issued an Order on a Motion to Dismiss Defendants' Counterclaims.  (Doc. No. 31.)

28   On June 11, 2014, Defense counsel contacted the Court and stated that Judge Burns'

                                   1

ruling on the Motion to Dismiss impacted the parties' ongoing meet and confer efforts involving discovery disputes.  This Court's Chambers Rules require that the parties notify the Court of a discovery dispute within thirty days of the date upon which the event giving rise to the dispute occurred.  Judge Gallo's Chambers Rule IV(C).  The thirty day deadline to bring the dispute to the Court's attention was to expire on June 18, 2014.

On June 18, 2014, the parties lodged a Joint Statement with the Court, as instructed, seeking an extension of time to complete their meet and confer efforts.  The parties requested an extension until June 30, 2014, to complete meet and confer efforts and address any unresolved discovery issues with this Court.  On June 19, 2014, the Court granted the parties' joint request to extend the deadline by which to meet and confer in an attempt to resolve these discovery disputes.  (Doc. No. 33.)  The parties were required to file a Joint Statement for Determination of Discovery Disputes with this Court by June 30, 2014.  Id.

On June 30, 2014, the parties submitted two individual statements to the Court regarding the discovery disputes, which involve Plaintiff's responses to certain Requests for Production of Documents ("RFPs") and Interrogatories ("ROGs") propounded by Defendants.  On July 2, 2014, the Court set a Discovery Hearing for July 7, 2014, at 10:00 a.m.  (Doc. No. 37.)  Counsel who intended to present arguments were ordered to be present before the Court at the Discovery Hearing.  Id. at 2.

On July 7, 2014, at 10:00 a.m., the Court convened a Discovery Hearing.  Mr. Jeffrey Wilson and Mr. Michael Murray appeared on behalf of Plaintiff The Sherwin-Williams Company (hereinafter "Plaintiff"), and Mr. Paul Sorrentino and Mr. John Nordlund appeared on behalf of Defendants JB Collision Services, Inc., JJT, Inc., and John Tyczki (hereinafter "Defendants").

## A. DEFENDANTS' ARGUMENT

First, Defendants argued that Plaintiff failed to provide a verification for any of its discovery responses.  Second, Defendants argued that Plaintiff is playing games

by arguing over obvious terms in Defendants' discovery requests such as "complaint," "contracted with," "quality," and "related to."  Defendants claimed that they have agreed to limit the geographic scope and time frame of several of their discovery requests, and they simply want documents related to their ability to defend themselves and to pursue their counter-claims.

### B. PLAINTIFF'S ARGUMENT

Plaintiff argued that RFP Nos. 8 and 10 are the most troublesome of the disputed requests because they are extremely broad and based solely on Defendants' fraud claims that were previously dismissed.  Plaintiff asserted that this case is simply a breach of contract dispute, and expressed concern that Defendants are attempting to haul Plaintiff's customers into depositions and elicit complaints.

Plaintiff noted that responding to RFP No. 10 could create an incredibly expensive and very invasive gathering and production of trade secrets and proprietary information.  It argued that Defendant's list of quality defects has been growing artificially in an attempt to further their fishing expedition.  Plaintiff complained that Defendants' requests encompass any piece of paper that might reference customer dissatisfaction, even if the customer did not complain.

## II. DISCUSSION

### A. WAIVER OF DISCOVERY OBJECTIONS

The Court observes that most of Plaintiff's responses to Defendants' discovery requests state objections such as over broad, vague, is not reasonably calculated to lead to the discovery of admissible evidence, etc.  Additionally, many of Plaintiff's responses invoke the attorney-client privilege and work product doctrine.  Further, some of the responses contain language stating "subject to and without waiving the foregoing objection, please see the documents that have been produced..."

Where the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condominium Owners Associations, 186 F.R.D. 584, 587

(C.D.Cal. 1999); See Ritacca v. Abbott Laboratories, 203 F.R.D. 332, 335 n.4 (N.D.Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper,...[and] we treat [the] general objections as if they were never made.").  The responding party must clarify, explain, and support its objections.  Anderson v. Hansen, 2012 WL 4049979, at 8 (E.D. Cal. Sept. 13, 2012).  "The grounds for objecting to a request must be stated ... and as with other forms of discovery, it is well established that boilerplate objections do not suffice."  Id. (discussing boilerplate objections asserted in response to requests for admission).

Further, conditional responses and/or the purported reservation of rights by Plaintiff is improper and ultimately has the effect of waiving Plaintiff's objections to the discovery requests.  Sprint Communications Co. v. Comcast Cable Communications, LLC, 2014 WL 545544 at *2 (D. KS 2014)("Sprint I"), modified 2014 WL 569963 (D. KS 2014)("Sprint II").  The Court recognizes that it is common practice among attorneys to respond to discovery requests by asserting objections and then responding to the discovery requests "subject to" and/or "without waiving" their objections. This practice is confusing and misleading.  Moreover, it has no basis in the Federal Rules of Civil Procedure.  Sprint I, 2014 WL 545544 at *2.

The responses are confusing and misleading because, for example, when a party responds to an interrogatory that is "subject to" and "without waiving its objections," the propounder of the interrogatory is "left guessing as to whether the responding party has fully or only partially responded to the interrogatory."  Estridge v. Target Corp., 2012 WL 527051 at *1-2 (S.D. FL 2012).  Further, conditional responses to discovery requests violate Federal Rule of Civil Procedure 26.  Rule 26 (g)(1)(B)(I)-(iii) requires responders to discovery requests to certify that the discovery responses are consistent with the Federal Rules of Civil Procedure, "not imposed for any improper purpose," and are "neither unreasonable nor unduly burdensome."  Moreover, the 1983 Committee comments to Rule 26(g) state that "Rule 26 imposes

4

an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rule 26 through 37." Providing conditional responses to discovery requests is improper. <u>Sprint II</u>, 2014 WL 1569963 at *3.

Consequently, as to the responses that are made "subject to" and "without waiving the foregoing objections," they are improper, the objections are deemed waived, and the response to the discovery request stands. <u>Estridge</u>, 2012 WL 527051 at *2; citing <u>Tardif v. People for the Ethical Treatment of Animals</u>, 2011 WL 1627165 at *2 (M.D. FL 2011); <u>Pepperwood of Naples Condominium Assn. v. Nationwide Mutual Fire Ins. Co.</u>, 2011 WL 4382104 at *4-5 (M.D. FL 2011); <u>Consumer Elecs. Assn. v. Compras And Buys Magazine, Inc.</u>, 2008 WL 4327253 at *3 (S.D. FL 2008) ("subject to" and "without waiving objections" "preserve... nothing and serve... only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.")

## B. <u>ASSERTION OF PRIVILEGES</u>

The Court observes that many of Plaintiff's responses to Defendants' discovery requests assert that the requests invade the attorney-client privilege and/or, work product doctrine. To the extent that the responses invoke a privilege or work product, Plaintiff is required to provide Defendants with a privilege log that lists each document withheld from production. Fed.R.Civ.P. 26(b)(5)(A)(I)-(ii). A proper assertion of privilege or work product must contain the following for each document, communication, or information withheld:

(1) Date of the creation of the document;

(2) Author;

(3) Primary addressee(s) [and the relationship of that person(s) to the client and/or author of the document];

(4) Secondary addressee(s), persons who received copies of the document and the recipient [and the relationship of that person(s) to the client and/or author of the document];

(5) Type of document;

(6) Client (party asserting the privilege)

(7) Attorneys (with an indication of who the attorney represents);

(8) Subject matter of the document or privileged communication;

(9) Purpose of the document or privileged communication (basis for the legal claim of privilege, work product or objection to production);

(10) Whether the document, communication, or objection is attorney-client privilege, work product, or some other basis;

(11) Identify each document by number.[1/]

Miller v. Pancucci, 141 F.R.D. 292, 302 (C.D. Cal. 1992); Martin v. Evans, 2012 WL 1894219 at *5 (N.D. Cal. 2012); Del Campo v. American Corrective Counseling Services, 2007 WL 4287335 at *4 (N.D. Cal. 2007).

**III. RULING**

**A. REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DEFENDANTS' RFP NO. 8:**

All DOCUMENTS RELATED TO any complaints from any of YOUR other customers RELATED TO the quality of YOUR automotive paint products.

**PLAINTIFF'S RESPONSE TO RFP NO. 8:**

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client and attorney-work product doctrines.  Plaintiff also objects to this request on the basis that it is overly broad, unduly burdensome, and would result in undue expense to it because it seeks information that is not limited in time or geographic scope.  Plaintiff further objects to this Request on the grounds that the

---

[1/] No. 11 was added by this Court.

13CV1946, 13CV1947

words "complaint" and "quality" are vague, and Plaintiff will not speculate at its peril. Plaintiff further objects on the basis that this Request is not reasonably calculated to [lead to] the discovery of admissible evidence.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF RFP NO. 8:**

During meet and confer efforts, the parties agreed that this request should be limited in geographic scope to the California-Arizona-Nevada area. The parties also agreed that "automotive paint products" is limited to the AWX line. The parties agreed that "quality" refers to defects alleged in the First Amended Counterclaim.

**COURT'S RULING ON RFP NO. 8:**

The Court overrules in part and sustains in part Plaintiff's objections.

To the extent that Plaintiff is withholding information protected by the attorney-client privilege or work product doctrine, Plaintiff shall produce to Defendants a privilege log. See Sprint II, 2014 WL 1569963 at *3. If Plaintiff is not withholding any information protected by the attorney-client privilege or work product doctrine, it shall serve on Defendants a supplemental response so stating.

The Court agrees with Plaintiff that the terms "complaints" and "quality" are vague and nebulous. Both terms are very subjective. As Plaintiff noted at the Discovery Hearing, it would be required to produce anything that could possibly be construed as a complaint, note of dissatisfaction, criticism, commentary, observation, etc. Further, as it is currently drafted, RFP No. 8 asks for notes, memos, letters, emails, etc., and Plaintiff would have to scour its records for potentially responsive information. This would be far too burdensome. During the Discovery Hearing, Plaintiff noted that the production of all warranty claims would be an objective way to measure complaints about the quality of Plaintiff's products. The Court agrees that the warranty claims are the best indicator of a problem, and therefore limits the scope of RFP No. 8 to warranty claims only. If, after review of the warranty claims, Defendants determine that they do not accurately represent the extent of the quality complaints received by Plaintiff, the parties may meet and confer to expand the field of inquiry.

The parties were unable to agree on a reasonable time frame for the scope of this RFP. Plaintiff argued that they should only be required to produce documents for three years prior to the July 7, 2014, Discovery Hearing. However, the first contract at issue in this litigation was entered into on September 10, 2008, and the second contract at issue in this litigation was entered into on May 29, 2011. The Court does not agree with Plaintiff's request to limit this RFP to the last three years, but it does believe that it is appropriate to limit this RFP to a time that predates the first contract. Therefore, the Court limits the time frame of RFP No. 8 from January 1, 2008 to the present.

**Plaintiff shall produce all warranty claims related to the AWX product line from January 1, 2008 to the present, within the California-Arizona-Nevada area.**

**DEFENDANTS' RFP NO. 9:**

A list of any and all other autobody shops in San Diego County that have contracted with YOU for automotive paint products during the time period of September 10, 2008 through the present.

**PLAINTIFF'S RESPONSE TO RFP NO. 9:**

Plaintiff objects to this Request on the basis that it is overly broad, and unduly burdensome. Plaintiff further objects to this Request on the grounds that the word "contracted" is vague, and Plaintiff will not speculate at its peril. Plaintiff further objects on the basis that this request is not reasonably calculated to [lead to] the discovery of admissible evidence.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF RFP NO. 9:**

During meet and confer efforts, the parties agreed these terms meant contracted with Sherwin-Williams pursuant to a Supply Agreement for AWX products, similar to Defendants.

**COURT'S RULING ON RFP NO. 9:**

The Court overrules in part and sustains in part Plaintiff's objections.

"Contracted with" is not a vague term, especially as it has been redefined by the parties. The Court finds that this RFP is relevant to the claims asserted in this litigation. Whether Plaintiff's impending motion to dismiss is successful or not, if Plaintiff is receiving customer complaints, then that fact would lend credence to Defendants' argument that there was an issue with Plaintiff's paint products of which Plaintiff was aware.

**Plaintiff shall produce all responsive documents from January 1, 2008 to the present, with the term "contracted with" meaning contracted with Sherwin-Williams pursuant to a Supply Agreement for AWX products, similar to Defendants.**

**DEFENDANTS' RFP NO. 10:**

All DOCUMENTS RELATED TO any testing of YOUR automotive paint products from January 1, 2000 to the present.

**PLAINTIFF'S RESPONSE TO RFP NO. 10:**

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client and attorney-work product doctrines. Plaintiff objects to this Request on the basis that it is overly broad, unduly burdensome, and would result in undue expense to it because it seeks information that is well outside the time constraints of the factual issues in this matter. Plaintiff further objects to this Request on the grounds that the word "testing" is vague, and Plaintiff will not speculate at its peril. Plaintiff further objects on the basis that this Request is not reasonably calculated to [lead to] the discovery of admissible evidence.

13CV1946, 13CV1947

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF RFP NO. 10:**

During the meet and confer efforts, Defendants limited the scope of this request to documents related to testing of AWX products during the time period of January 1, 2007 through the present.

**COURT'S RULING ON RFP NO. 10:**

The Court takes RFP No. 10 under advisement.

To the extent that Plaintiff is withholding information protected by the attorney-client privilege or work product doctrine, Plaintiff shall produce to Defendants a privilege log. See Sprint II, 2014 WL 1569963 at *3. If Plaintiff is not withholding any information protected by the attorney-client privilege or work product, it shall serve on Defendants a supplemental response so stating.

Although Plaintiff argues that responding to this RFP may reveal trade secrets, the parties entered into a protective order on June 20, 2014. (Doc. No. 35.) The protective order was entered into by the parties "to provide protection to and to prevent disclosures of certain information and documents which are deemed to contain confidential and/or highly confidential/proprietary information by one or more of the parties consisting generally of trade secrets, financial and business planning informa-tion, or other highly confidential research, development, or commercial information, the disclosure of which could cause the producing party competitive harm." Id. at 1. Therefore, the Court is not persuaded by Plaintiff's objection on trade secret grounds.

Plaintiff claims that it would be expensive and unjustifiably time consuming to respond to RFP No. 10. At the Discovery Hearing, Plaintiff argued that Defendants should pay the cost of their production because this request is far beyond the scope of the parties' contract dispute. The Court is not prepared to engage in a cost-shifting analysis at this point.

The Court sees the relevancy in this request, even without Defendants' fraud claims. As both Plaintiff and Defendants were unable to define what each believed "testing" meant, the parties are instructed to meet and confer in good faith to define the

13CV1946, 13CV1947

term "testing," as it is used in RFP No. 10.  If, after good faith meet and confer efforts, the parties are unable to agree on a definition for "testing," then the parties shall contact the Court immediately.

**The Court takes RFP No. 10 under advisement.  If the Court does ultimately Order Plaintiff to respond to RFP No. 10, the production shall be limited to AWX products only, and from January 1, 2008 to the present.**

**DEFENDANTS' RFP NO. 13:**

All DOCUMENTS from the inspection of vehicles at DEFENDANTS' premises on March 13, 2014.

**PLAINTIFF'S RESPONSE TO RFP NO. 13:**

Plaintiff objects to this Request on the basis that it is overly broad and unduly burdensome.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client/attorney work product doctrines.  Subject to, and without waiving the foregoing objection, please see the documents that have been produced in response to these Requests.  As Plaintiff is still conducting its own investigation, additional responsive documents will be produced to the extent they become available upon the entry of a protective order.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF RFP NO. 13:**

Defendants have limited the scope of this request to exclude documents created by attorneys.

**COURT'S RULING ON RFP NO. 13:**

The Court overrules in part and sustains in part Plaintiff's objections.

To the extent that Plaintiff is withholding information protected by the attorney-client privilege or work product doctrine, Plaintiff shall produce to Defendants a privilege log.  See Sprint II, 2014 WL 1569963 at *3.  If Plaintiff is not withholding any information protected by the attorney-client privilege or work product doctrine, it shall serve on Defendants a supplemental response so stating.

11

Pursuant to Section II.A. of this Order, Plaintiff's objections are waived. Plaintiff used a "conditional objection," which equates to no objection at all.

Documents from the vehicle inspections are highly relevant, even without Defendants' fraud claims. Whatever documents both parties have gathered as a result of the vehicle inspections qualify as fact discovery. While ultimate conclusions or opinions qualify as expert discovery, the facts that the experts will rely on are facts and shall be produced.

**Plaintiff shall respond to RFP No. 13 as drafted, but limiting the documents to those created by non-attorneys, excluding any conclusions or expert opinions.**

**DEFENDANTS' RFP NO. 14:**

All DOCUMENTS generated as a result of the inspection of vehicles at DEFENDANTS' premises on March 13, 2014.

**PLAINTIFF'S RESPONSE TO RFP NO. 14:**

The Court sustains Plaintiff's objections.

Plaintiff objects to this Request on the basis that it is overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client/attorney work product doctrines. Subject to, and without waiving the foregoing objection, please see the documents that have been produced in response to these Requests. As Plaintiff is still conducting its own investigation, additional responsive documents will be produced to the extent they become available upon the entry of a protective order.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF RFP NO. 14:**

Defendants have limited the scope of this request to exclude documents created by attorneys.

**COURT'S RULING ON RFP NO. 14:**

Despite Plaintiff's use of a conditional objection in its response, Plaintiff's objections to RFP No. 14 are sustained.  Documents generated as a result of the inspection will be produced during expert discovery.

**Plaintiff's objections are sustained and no response is required.**

## B. INTERROGATORIES

**DEFENDANTS' INTERROGATORY NO. 1:**

IDENTIFY any and all other autobody shops in San Diego County that have contracted with YOU for automotive paint products during the time period of September 10, 2008 through the present.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, and unduly burdensome.  Plaintiff also objects to this Interrogatory on the basis that it cannot reasonably ascertain the meaning of the word "contract" and will not speculate at its peril.  Plaintiff further objects to this Interrogatory on the basis that it seeks information not reasonably calculated to the discovery of admissible evidence.

**COURT'S RULING ON INTERROGATORY NO. 1:**

The Court overrules in part and sustains in part Plaintiff's objections.

ROG No. 1 requests the same information as RFP No. 9.  Plaintiff shall respond to either ROG No. 1 or RFP No. 9, but will not be required to respond to both discovery requests.

**Plaintiff shall produce documents responsive to ROG No. 1, as noted above in RFP No. 9.**

**DEFENDANTS' INTERROGATORY NO. 5:**

IDENTIFY all other lawsuits in which a complaint or counter-claim was filed against YOU in which the adverse party alleges that YOUR automotive paint products were of defective and/or poor quality.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and would require undue expense to answer, as it is not limited in time or geographic scope.  Plaintiff also objects to this Interrogatory on the basis that it cannot reasonably ascertain the meaning of the term "defective and/or poor quality" and will not speculate at its peril.  Plaintiff further objects to this Interrogatory on the basis that it seeks information not reasonably calculated to the discovery of admissible evidence.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF ROG NO. 5:**

Defendants have limited the scope of this ROG to matters filed within the United States during the time period of January 1, 2007 through the present, which relate to Plaintiff's AWX paint products.

**COURT'S RULING ON INTERROGATORY NO. 5:**

The Court overrules in part and sustains in part Plaintiff's objections.

The Court agrees with Plaintiff's assertion that the terms "defective" and "poor quality" are subjective.  However, here, the term "complaint" refers to a legal document, the pleading which initiates a lawsuit.  Thus, Plaintiff is to disclose those lawsuits in which "defective" and/or "poor quality" have been alleged in the complaints.

The Court limits the geographical scope of this ROG to three states: California, Arizona, and Nevada.  The Court further limits the scope of this request to AWX products from January 1, 2008 to the present.  If, after reviewing Plaintiff's production, Defendants want to expand the geographical scope of ROG No. 5, the parties are instructed to meet and confer in good faith.

13CV1946, 13CV1947

**Plaintiff shall respond to ROG No. 5 for AWX products, limited to the California-Arizona-Nevada area from January 1, 2008 to the present.**

**DEFENDANTS' INTERROGATORY NO. 6:**

IDENTIFY all other lawsuits in which a complaint or counter-claim was filed against YOU in which the adverse party alleges that YOU misrepresented the quality of YOUR automotive paint products.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and would require undue expense to answer, as it is not limited in time or geographic scope. Plaintiff also objects to this Interrogatory on the basis that it cannot reasonably ascertain the meaning of the term "quality" and will not speculate at its peril. Plaintiff further objects to this Interrogatory on the basis that it seeks information not reasonably calculated to [lead to] the discovery of admissible evidence.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF ROG NO. 6:**

Defendants have limited the scope of this ROG to matters filed within the United States during the time period of January 1, 2007 through the present, which relate to Plaintiff's AWX paint products.

**COURT'S RULING ON INTERROGATORY NO. 6:**

The Court sustains Plaintiff's objections at this time. The parties have the opportunity to revisit this ROG with the Court if Defendants' Second Amended Counterclaim survives Plaintiff's impending motion to dismiss.

**Plaintiff is not required to respond to ROG NO. 6.**

13CV1946, 13CV1947

**DEFENDANTS' INTERROGATORY NO. 7:**

IDENTIFY all other lawsuits in which YOU allege that an autobody shop, or "Customer," as identified in YOUR supply agreements for automotive paint products, breached a supply agreement with YOU.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and would require undue expense to answer, as it is not limited in time or geographic scope.  Plaintiff further objects to this Interrogatory on the basis that it seeks information not reasonably calculated to [lead to] the discovery of admissible evidence.

**MEET AND CONFER AGREEMENTS TO LIMIT SCOPE OF ROG NO. 7:**

Defendants have limited the scope of this ROG to matters filed within the United States during the time period of January 1, 2007 through the present, which relate to Plaintiff's AWX paint products.

**COURT'S RULING ON INTERROGATORY NO. 7:**

The Court overrules in part and sustains in part Plaintiff's objections.

The Court limits the geographical scope of this ROG to three states: California, Arizona, and Nevada.  The Court further limits the scope of this request to AWX products from January 1, 2008 to the present.  If, after reviewing Plaintiff's production, Defendants want to expand the geographical scope of ROG No. 7, the parties are instructed to meet and confer in good faith.

**<u>Plaintiff shall respond to ROG No. 7 for AWX products, limited to the California-Arizona-Nevada area from January 1, 2008 to the present.</u>**

//

//

//

//

//

13CV1946, 13CV1947

## IV. CONCLUSION

On or before **July 11, 2014**, Plaintiff shall provide verified responses to all discovery responses already provided to Defendants.

On or before **July 21, 2014**, Plaintiff shall provide discovery responses consistent with this Order.

The parties shall meet and confer in good faith regarding the term "testing," as stated in RFP No. 10. Therefore, Plaintiff is not required to respond to RFP No. 10 by July 21, 2014. Once the parties reach an agreement as to the term "testing," Plaintiff shall provide a response to RFP No. 10 within two weeks of the agreement.

IT IS SO ORDERED.

DATED:  July 9, 2014

Hon. William V. Gallo
U.S. Magistrate Judge

17

13CV1946, 13CV1947