UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>JB COLLISION SERVICES, INC., *et. al.*,<br><br>        Defendants,<br><br>and<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>JTT, INC., *et. al.*,<br><br>        Defendants. | Civil No. 13-CV-1946-LAB (WVG)<br>            13-CV-1947-LAB (WVG)<br><br>ORDER FOLLOWING DISCOVERY HEARING |

**I. BACKGROUND**

On October 1, 2014, Defense counsel notified the Court of several discovery disputes, and on October 2, 2014, Plaintiff's counsel notified the Court of several additional disputes. On October 3, 2014, the Court set a briefing schedule and a

1

1 | Discovery Hearing. (Doc. No. 52.) In its Order, the Court also set a telephonic Discovery Conference for October 3, 2014, at 11:00 a.m., to discuss the upcoming fact discovery deadline and the scheduling of depositions. Id. at 2.

On October 3, 2014, the Court held a telephonic Discovery Conference. Mr. Jeffrey Wilson and Mr. Eddie Woodworth participated on behalf of Plaintiff, and Mr. Paul Sorrentino and Mr. John Nordlund participated on behalf of Defendants. During the Discovery Conference, **the Court informed the parties that it will not extend the fact discovery deadline set for November 7, 2014.** See Scheduling Order; Doc. No. 29 at 2. The Court advised the parties to cooperate and complete all fact discovery depositions by the fact discovery deadline, and set a schedule for the parties to follow in an effort to resolve the deposition disputes.

On October 10, 2014, Defendants filed a Motion for Determination of Discovery Disputes, which, among other disputes, included a discussion about the deposition of Mr. David Cardenas. (Doc. No. 59.) Also on October 10, 2014, Plaintiff filed a Motion for Determination of Discovery Disputes. (Doc. No. 61.) That same day, Defendants filed a Motion for Determination of Discovery Dispute Regarding the Deposition of David Sewell (Doc. No. 60), and Plaintiff lodged with the Court a Declaration of Plaintiff's counsel, Mr. Wilson, describing the current health condition of anticipated deponent, Mr. Cardenas.

On October 16, 2014, Plaintiff filed an Opposition to Defendants' Motion Regarding the Deposition of Mr. Cardenas. (Doc. No. 67.) That same day, Plaintiff filed an Opposition to Defendants' Motion Regarding the Deposition of Mr. Sewell. (Doc. No. 68.) On October 17, 2014, Plaintiff filed a Supplemental Brief in Support of its Motion for Determination of Discovery Disputes. (Doc. No. 69.) Also on October 17, 2014, Defendants' filed an Opposition to Plaintiff's Motion for Determination of Discovery Disputes. (Doc. No. 70.) That same day, Plaintiff filed an Opposition to Defendants' Motion for Determination of Discovery Disputes. (Doc. No. 71.)

1   On October 22, 2014, Defendants filed a Reply in Support of their Discovery Motion. (Doc. No. 72.) Also on October 22, 2014, Defendants filed a Reply in Support of their Discovery Motion related to Mr. Sewell's deposition. (Doc. No. 73.) That same day, Plaintiff filed a Reply in Support of its Discovery Motion. (Doc. No. 74.)

On October 29, 2014, at 7:00 a.m., the Court held an in person Discovery Hearing on the record. Mr. Wilson, Mr. Woodworth, and Mr. Michael Murray appeared on behalf of Plaintiff, and Mr. Sorrentino and Mr. Nordlund appeared on behalf of Defendants. Defendant, Mr. John Tyczki, was also present in the undersigned's courtroom for the Discovery Hearing.

The Court has reviewed Defendants' Discovery Motion, Plaintiff's Opposition, Defendants' Reply, and all corresponding exhibits. The Court has also reviewed Plaintiff's Discovery Motion, Defendants' Opposition, Plaintiff's Supplemental Brief, Plaintiff's Reply, and all corresponding exhibits. Additionally, the Court has reviewed both parties' briefing and Plaintiff's counsel's Declaration regarding the depositions of Mr. Sewell and Mr. Cardenas. The Court has also reviewed other relevant documents filed in these cases.

The fact discovery deadline is November 7, 2014, a mere nine days after the Discovery Hearing. Given that the discovery deadline is looming, the Court deemed it advisable to issue discovery rulings from the bench during the Discovery Hearing. Based on a review of all of the above, the Court issued tentative rulings from the bench at the beginning of the Discovery Hearing. After listening to the arguments asserted by all counsel at the Discovery Hearing, the Court issued its final rulings from the bench and discussed its reasoning and rulings with counsel. The parties shall comply with the following Orders:

//
//
//
//

## II. DEFENDANTS' DISCOVERY MOTION

### A. DEPOSITION OF MR. DAVID SEWELL

Defendants request to take the deposition of Mr. David Sewell. Mr. Sewell is hereby ORDERED to sit for a deposition. Mr. Sewell's deposition shall occur on or before **November 7, 2014**.

Alternatively, Mr. Sewell does not need to be deposed if: (1) Plaintiff stipulates that it waives all objections, including hearsay objections, at trial regarding Defendants' testimony concerning Mr. Sewell's representations/statements; and (2) Mr. Sewell cannot be called as a witness at trial.

### B. PLAINTIFF HAS OVER-DESIGNATED DOCUMENTS AS ATTORNEYS' EYES ONLY

Defendants request that the Court order that the designation of certain documents be downgraded from the designation of "Attorneys' Eyes Only" to "Confidential," to allow counsel to discuss the information with their clients. (Doc. No. 59 at 7.)

**1. Sherwin-Williams Customer List-Supplemental Responses to ROGs [Set One]** - The Court ORDERS that Plaintiff's customer list shall retain its current designation as "Attorneys' Eyes Only."

**2. PQR Summary Documents- Evidence of complaints made by Defendants regarding the quality of Plaintiff's automotive paint products** - The Court ORDERS that Plaintiff's PQR Summary Documents shall be downgraded to a "Confidential" designation.

**3. Accounts Receivable Journal Voucher ("ARJV") Support Records for Defendants, which show payments and discounts from Plaintiff to Defendants following complaints** - The Court ORDERS that Plaintiff's Accounts Receivable Journal Voucher ("ARJV") Support Records for Defendants shall be downgraded to a "Confidential" designation.

**4. Sherwin-Williams Expense Appropriations and Related Contract Formation Documents, which show Plaintiff's internal communications and processes in the formation of the subject agreements** - The Court ORDERS that Plaintiff's Expense Appropriations and Related Contract Formation Documents shall retain their current designation as "Attorneys' Eyes Only."

**5. PQR Summary Documents-Other Sherwin-Williams Customers, which evidence complaints made by Plaintiff's other customers regarding defects similar to those experienced by Defendants and the occurrence of which Plaintiff denies** - The Court ORDERS that Plaintiff's PQR Summary Documents for other Sherwin-Williams Customers shall be downgraded to a "Confidential" designation. However, Plaintiff shall redact the store names and customer details, as that information shall retain its "Attorneys' Eyes Only" designation.

**6. Analytical Reports Attached to PQR Summary Documents, which give analysis of the paint about which complaints of defects alleged by Defendants have been made, as well as discussion of purported causes** - The Court ORDERS that Plaintiff's Analytical Reports Attached to PQR Summary Documents shall be downgraded to a "Confidential" designation.

### C. EXPANSION OF COURT'S PRIOR DISCOVERY ORDER: RFP NO. 8

Defendants request that the Court revisit its July 9, 2014, Order and order Plaintiff to produce in response to RFP No. 8 all PQR Summary documents regarding warranties submitted from all customers, nationwide, due to issues with Plaintiff's AWX paint products during the time period of January 1, 2006 to the present. (Doc. No. 59 at 9.)

The Court hereby DENIES Defendants' request to expand its July 9, 2014, Order as to Defendants' RFP No. 8.

//
//

5                               13CV1946, 13CV1947

### D. EXPANSION OF COURT'S PRIOR DISCOVERY ORDER: RFP NO. 9

Defendants request that the Court revisit its July 9, 2014, Order and order Plaintiff to supplement its customer list in response to RFP No. 9 to include all customers within the San Diego County, Riverside County, Imperial County, San Bernardino County, Orange County, and Los Angeles County areas that purchased Plaintiff's AWX automotive paint products pursuant to any sort of contract, whether a verbal agreement, a month-to-month agreement, or in an exclusive requirements (supply agreement) contract. (Doc. No. 59 at 10.)

The Court hereby DENIES Defendants' request to expand its July 9, 2014, Order as to Defendants' RFP No. 9.

### E. TESTING DOCUMENTS

Defendants request that this Court order Plaintiff to produce all testing documents in response to Defendants' RFP No. 10. (Doc. No. 59 at 12.) Defendants request testing documents from 2003 to the present. Defendants' request is GRANTED IN PART and DENIED IN PART.

On or before **November 3, 2014**, at **5:00 p.m.**, Plaintiff shall produce testing documents for AWX products only, from January 1, 2008, to the present. Plaintiff's production shall include Application Reports, Analytical Reports, Project Reports, Closing Reports, Quality System Reports, and Project Logs.

### F. DEPOSITION OF DAVID CARDENAS

Defendants request that the Court order Mr. Cardenas' deposition to take place at a date certain in 2015. (Doc. No. 72.) Defendants' request is GRANTED IN PART and DENIED IN PART. Mr. Cardenas will be ordered to sit for a deposition when and if he is physically able to be deposed.

//
//
//

## III. PLAINTIFF'S DISCOVERY MOTION

### A. DEFENDANTS SHOULD BE HELD IN CONTEMPT AND SANCTIONED FOR LYING TO THIS COURT AND REFUSING TO PRODUCE CERTAIN DOCUMENTS

Plaintiff seeks a Court Order holding Defendants in contempt for allegedly withholding discovery and lying to the Court. (Doc. No. 61-1 at 5, 10-11.) Plaintiff also seeks reasonable attorney's fees for bringing its Discovery Motion. Id.

The Court takes Plaintiff's request for a contempt Order and sanctions under advisement. On or before **November 3, 2014**, at **5:00 p.m.**, Plaintiff shall lodge with the Court copies of the Keystone Automotive documents for an *in camera* review. Plaintiff shall highlight the products that it believes Defendants purchased in violation of their contracts with Plaintiff. The Court will issue an Order after conducting an *in camera* review of the Keystone Automotive documents.

### B. DEFENDANTS SHOULD BE SANCTIONED FOR FAILING TO PRODUCE A PREPARED RULE 30(b)(6) WITNESS

Plaintiff seeks to recover attorneys' fees to retake the deposition of Defendants' Federal Rule of Civil Procedure ("Rule") 30(b)(6) witness because the witness was allegedly unprepared for the deposition. (Doc. No. 61-1 at 12.) Plaintiff's request is DENIED.

### C. DEFENDANTS WERE IMPROPERLY INSTRUCTED NOT TO ANSWER

Plaintiff seeks to recover attorneys' fees to retake the deposition of Defendants' Rule 30(b)(6) witness because the witness was allegedly improperly instructed not to answer a question. (Doc. No. 61-1 at 12.) Plaintiff's request is DENIED.

### D. DEFENDANTS' CONDUCT WARRANTS ENTRY OF A PROTECTIVE ORDER

Plaintiff requests that this Court enter a protective order to prevent certain documents from being de-designated, and to order Defendants to strictly adhere to the protective order in place. (Doc. No. 61-1 at 14.) Plaintiff's request is DENIED. All parties shall scrupulously comply with the current Protective Order.

### E. DEFENDANTS' GAMESMANSHIP SEEKS TO DENY PLAINTIFF ITS RIGHT TO CONDUCT DISCOVERY

Plaintiff requests that, to the extent Defendants previously knew of the witnesses listed in their supplemental discovery responses served on October 9, 2014, Defendants should be precluded from relying on their testimony. (Doc. No. 61-1 at 17.) Plaintiff's request is DENIED.

### F. DEFENDANTS' RECENT PRODUCTION OF NEARLY 3,000 PAGES OF DISCOVERY

On October 17, 2014, Defendants produced nearly 3,000 pages of discovery documents containing Defendants' business records and invoices with Keystone Automotive from 2008 to 2014. Plaintiff alleges that the records show that Defendants purchased tens of thousand of dollars of products that they have denied purchasing under oath throughout this litigation. Plaintiff claims that Defendants' actions are in contempt of court and reveal they have perjured themselves. In its Supplemental Brief filed on October 17, 2014, Plaintiff renewed its request that this Court sanction Defendants for their gross misconduct. (Doc. No. 69.)

As discussed in Section III(A) of this Order, the Court takes this issue under advisement, and shall conduct an in camera review of the Keystone Automotive documents.

IT IS SO ORDERED.

DATED: October 30, 2014

                                  Hon. William V. Gallo
                                  U.S. Magistrate Judge