UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | ) ) | Civil No. 13-CV-1946-LAB(WVG) 13-CV-1947-LAB(WVG) |
| Plaintiff, | ) ) | ORDER IMPOSING SANCTIONS |
| v. | ) ) | AGAINST DEFENDANTS FOR FAILURE TO PRODUCE |
| JB COLLISION SERVICES, INC., *et. al.*, | ) ) | DISCOVERY DOCUMENTS |
| Defendants, | ) | |
| and | ) ) | |
| THE SHERWIN-WILLIAMS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JTT, INC., *et. al.*, | ) ) | |
| Defendants. | ) ) ) | |

## I. <u>INTRODUCTION</u>

### A. <u>BACKGROUND</u>

Plaintiff Sherwin-Williams ("Plaintiff") makes paints and coatings for cars. (Doc. No. 31 at 1.) Defendants JB Collision Services, Inc. ("Defendant JB Collision") and JJT, Inc. ("Defendant JJT") are auto body shops. <u>Id.</u> On or about September 10,

2008, Defendant JB Collision entered into a Supply Agreement with Plaintiff. (Doc. No. 1 at 2.) Pursuant to the Supply Agreement, Defendant JB Collision agreed to exclusively use Plaintiff's automotive paint and coating products from September 10, 2008, until the date upon which net sales, as defined by the Supply Agreement, totaled $1,300,000. Id. In consideration for Defendant JB Collision's agreement to exclusively purchase all of its requirements for automotive paints, coatings, and related products for the duration of the contract term, Plaintiff agreed to provide products to JB Collision at a discount. Id. at 3.

On or about May 29, 2011, Defendant JJT entered into a Supply Agreement with Plaintiff. (Doc. No. 17 at 2.) Pursuant to the Supply Agreement, Defendant JJT agreed to exclusively use Plaintiff's automotive paint and coating products from May 29, 2011, until the date upon which net sales, as defined by the Supply Agreement, totaled $250,000. Id. In addition, Defendant John Tyczki ("Defendant Tyczki") signed a guaranty on May 10, 2011, personally guaranteeing Defendant JJT's performance under the Supply Agreement. Id.

From September of 2008 until January of 2013, Defendants purchased automotive paint, coatings, and related products pursuant to the Supply Agreements with Plaintiff. (Doc. No. 1 at 3; Doc. No. 17 at 2-3.) In January of 2013, Plaintiff alleges that Defendants breached the parties' Supply Agreements by discontinuing all of their requirements for automotive paints, coatings, and related products exclusively from Plaintiff. Id. By letter dated February 28, 2013, Plaintiff notified Defendants of their breach of contract. Id.

On August 20, 2013, Plaintiff filed two complaints asserting breach of contract claims against Defendants JB Collision, JJT, and Tyczki, and Defendants filed counterclaims for breach of contract, breach of implied warranties of merchantability and fitness, concealment and fraud, intentional misrepresentation, negligent misrepresentation, breach of covenant of good faith and fair dealing, and unjust enrichment.

1   (Doc. No. 31 at 2.)  The crux of Defendants' counterclaims is that Plaintiff's products

2   were not satisfactory.  Id.

3                    **B. PLAINTIFF'S MOTION FOR SANCTIONS**

4            On October 10, 2014, Plaintiff filed a Discovery Motion and argued that

5   Defendants should be held in contempt and sanctioned for withholding discovery and

6   lying to the Court.  (Doc. No. 61-1 at 5, 10-11.)  Plaintiff argued that, for months, it

7   sought to obtain Defendants' records reflecting any purchases of paint and associated

8   products from sellers other than Plaintiff between September of 2008 and March of

9   2013, and that Defendants repeatedly swore under oath that no documents existed

10   because during those years they exclusively purchased and used Plaintiff's paint and

11   associated products. Id. at 5.  Plaintiff asserted that Defendants told this Court the same

12   thing in discovery dispute briefing and oral argument.  Id.  However, Plaintiff claimed

13   that Defendants had recently disclosed documents which demonstrate that they did

14   purchase thousands of dollars of paint and associated products from Keystone and

15   Spies-Hecker (an Axalta/DuPont paint line) from September of 2008 through March

16   of 2013.  Id.  In its Discovery Motion, Plaintiff sought reasonable attorney's fees for

17   bringing its Discovery Motion.  Id.

18            In their Opposition to Plaintiff's Discovery Motion, filed on October 17, 2014,

19   Defendants denied lying to the Court, and stated they did not purchase any paint

20   products or coatings from any supplier other than Plaintiff during the terms of the

21   Agreements. (Doc. No. 70 at 2.) Defendants noted that they did purchase after-market

22   or used vehicle parts from a competitor, which were "indisputably unrelated products."

23   Id.  Defendants claimed that they reasonably believed that these parts and other

24   non-paint products purchased from Plaintiff's competitor did not fall within the scope

25   of Plaintiff's discovery request, as the term "related products" was vague, ambiguous,

26   overbroad, and undefined in the request, as stated in Defendants' objections.  Id.

27            Defendants also claimed that they "did purchase products from Keystone/LKQ

28   during the terms of the Agreements; however, these, at least under Defendants'

     understanding, were not paint 'or related products.'" (Doc. No. 70 at 6.)  They asserted

that the products they did purchase from Plaintiff's competitors were after-market parts, used parts, and waste disposal products, which were not part of Defendants' Agreements with Plaintiff.  Id.  Defendants claimed that they used their subjective understanding when responding to these requests.  Id. at 7.

During a Discovery Hearing on October 29, 2014, Plaintiff showed the Court several sample Keystone invoices that had recently been produced by Defendants.  In response, Defendants claimed that any products that they purchased from Keystone that were covered by the Supply Agreement with Plaintiff, were purchased during the time period that the parties first entered into the Supply Agreement, and therefore these purchases were justified and excusable.  Defendants also represented that they only recently discovered the existence of these Keystone documents.

The Court reviewed all of the briefing related to this discovery dispute, as well as the corresponding exhibits and other relevant documents filed in the consolidated cases.  With the fact discovery deadline set for November 7, 2014, a mere nine days after the Discovery Hearing, the Court deemed it advisable to issue its final rulings from the bench at the conclusion of the Discovery Hearing.  On October 30, 2014, the Court issued a Discovery Order memorializing its rulings, and took Plaintiff's request for a contempt Order and sanctions under advisement.  (Doc. No. 85 at 7.)  The Court ordered Plaintiff to lodge with the Court copies of the Keystone documents for an *in camera* review, and to highlight the products that it believed Defendants purchased in violation of their contracts with Plaintiff.  Id.  The Court instructed that an Order would issue after conducting an *in camera* review of the Keystone documents.  Id.

After conducting an *in camera* review of the Keystone documents that Plaintiff provided to the Court on November 3, 2014**,** the Court issued an Order Granting Plaintiff's Request for Imposition of Sanctions Against Defendants for Failure to Produce Discovery Documents; Denying Plaintiff's Request for an Order of Contempt Against Defendants on November 14, 2014.  (Doc. No. 100.)  The Court determined that sanctions were appropriate and would be imposed against Defendants for their failure to produce the Keystone invoices in response to Plaintiff's discovery

13CV1946, 13CV1947

request, and in violation of this Court's August 15, 2014, Discovery Order (Doc. No. 47). Id. at 8. The Court found that the Keystone documents were clearly requested by Plaintiff in its RFP No. 10, and the Court had unequivocally ordered Defendants to respond to this request. (Doc. No. 100 at 9; citing Doc. No. 47 at 9.) The Court also found that Defendants made false representations to Plaintiff and to the Court regarding the existence of these Keystone documents. Id.

In its Order Imposing Sanctions, the Court Ordered Plaintiff to submit to the Court detailed time calculations and descriptions of activities in attempting to obtain the Keystone documents, and in filing its Motion to Compel and corresponding briefing. (Doc. No. 100 at 10.) On November 21, 2014, Plaintiff lodged its time calculations in response to the Court's Order, along with affidavits of Plaintiff's counsel. On November 24, 2014, Defense counsel contacted the Court to inquire as to whether Defendants would be given the opportunity to respond to Plaintiff's time calculations. On December 1, 2014, the Court issued an Order allowing Defendant to lodge with the Court a Response to Plaintiff's time calculations by December 8, 2014. (Doc. No. 106.)

## II. RULING

On November 21, 2014, Plaintiff lodged with the Court an Affidavit of Plaintiff's counsel, Mr. Ed Woodworth, along with a corresponding time sheet containing billing entries for Mr. Woodworth, Mr. Jeff Wilson, Mr. Nicholas Kurk, Mr. Michael Jacob, Ms. Heather Kleinhardt, Ms. Christine David, Ms. Andrea Arndt, and Mr. Andrew Kotwicki. Plaintiff also lodged a Affidavit of Plaintiff's local counsel, Mr. Michael Murray, along with a corresponding time sheet containing billing entries for Mr. Murray.

Plaintiff seeks $16,951.00 in attorneys' fees incurred in attempting to obtain certain Keystone documents and in filing its Discovery Motion and corresponding briefing. Defendant opposes the requested amount, asserting that Plaintiff's time calculations are excessive, duplicative, and not sufficiently stated with particularity as they are block-billed, vague, and not sufficiently itemized, as well as unnecessary

and/or unrelated to obtaining the Keystone documents.  (Defendants' Opposition at 2.) The Court has reviewed Plaintiff's Affidavits and time sheets, as well as Defendants' Opposition, and issues the rulings set forth below.

### A. MR. MURRAY'S AFFIDAVIT AND TIME SHEET

The Court strikes all billing entries listed on Mr. Murray's time sheet.  The Court finds all of these billing entries to be duplicative and excessive, and/or unrelated to attempts to obtain the Keystone documents.

On December 15, 2014, the Court held a telephonic Discovery Conference to discuss Defendants' disputes with some of Plaintiff's discovery responses.  See Doc. No. 116.  Mr. Woodworth and Mr. Murray participated in the Discovery Conference on behalf of Plaintiff.  During a discussion about an accelerated deadline by which Plaintiff had to respond to Defendants' discovery requests, Mr. Murray acknowledged that he was not well-versed in the particular discovery dispute.  Faced with the scheduling conflicts of Mr. Wilson and Mr. Woodworth, and Mr. Murray's acknowledgment that he was not able to complete the discovery himself due to his limited involvement with the issues, the Court set a later deadline for Plaintiff to produce the discovery.  While the Court is aware that the disputes discussed on December 15, 2014, were unrelated to the Keystone documents, this instance and Mr. Murray's acknowledgment lend support to the Court's prior observations that Mr. Murray and his firm of Lanak & Hanna, PC, were not as intimately involved in the discovery in this case as Mr. Wilson and Mr. Woodworth and their firm of Young Basile Hanlon & MacFarlane, PC.

Additionally, the Court has observed that Mr. Murray, although present in the undersigned's courtroom for several of the Discovery Hearings, has never argued before the Court in this litigation, and the Court has had little to no interaction with him throughout the duration of discovery.  These observations support Defendants' arguments and the Court's determination that Mr. Murray's time calculations lodged with the Court are duplicative and excessive.  Plaintiff will not be reimbursed for Mr. Murray's time calculations.

## B. <u>MR. WOODWORTH'S AFFIDAVIT AND TIME SHEET</u>

The Court strikes several billing entries listed on Mr. Woodworth's time sheet because the Court finds some of the entries to be duplicative and excessive, and/or unrelated to attempts to obtain the Keystone documents.  Further, Plaintiff failed to comply with the Court's Order to provide "detailed time calculations and descriptions of activities in attempting to obtain these documents, and in filing its Motion to Compel and corresponding briefing." (Doc. No. 100 at 10.)  Many of Plaintiff's billing entries reflect vague, ambiguous, and skeletal descriptions of activities, and the Court was unable to determine whether the entries were related to Plaintiff's attempts to obtain the Keystone documents.  The Court should not be tasked with a meticulous review of each billing entry and required to guess as to whether the entries relate to the Keystone documents.  While counsel did provide signed affidavits, as noted in Defendants' Opposition, some of the billing entries clearly do not relate to the Keystone documents.[1]

Despite the Court's explicit Order that Plaintiff shall provide detailed time calculations and descriptions, the Court examined the case docket and the billing entries one by one in an effort to match each billing entry with a corresponding docket entry.  As the party requesting the monetary sanctions, Plaintiff should have done, and was ordered to, complete all of this work for the Court.  In part as a sanction for failure to comply with the Court's Order to provide detailed time calculations and descriptions, and for squandering the Court's time as a result, and in part because the Court finds many of the billing entries to be duplicative, excessive, or unrelated to the Keystone documents, the Court will not Order Defendants to pay the full amount of Plaintiff's request for monetary sanctions.  The Court does, however, find many of Plaintiff's

---

[1] For example, Mr. Woodworth's time sheet lists billing entries to prepare for and attend an October 3, 2014, Discovery Conference before the Court.  However, as Defendants' note in their Opposition, and the Court has affirmed after a review of the case docket and corresponding notes, the October 3, 2014, Discovery Conference was not related to the Keystone documents.

billing entries to be related to the Keystone documents, and therefore awards Plaintiff those specific amounts in attorney's fees.  The Court finds as to the entries itemized in Appendix A, that Plaintiff's billing entries are reasonable for the work performed, and that Plaintiff's attorney's hourly rates are likewise reasonable.

### C. IMPOSITION OF SANCTIONS

After a meticulous review of the record, Plaintiff's time calculations, and Defendants' Opposition, the Court hereby AWARDS Plaintiff the amount of **$6,824.50** in attorney's fees pursuant to Federal Rule of Civil Procedure 37, in accordance with Appendix A.  Defendants are to coordinate with Plaintiff's counsel regarding the payment of this sanction no later than January 14, 2015, and to effect payment no later than January 31, 2015.

IT IS SO ORDERED.

DATED:  January 7, 2015

Hon. William V. Gallo
U.S. Magistrate Judge

## APPENDIX A

| Attorney Name | Accounting Date | Apportioned Hours | Apportioned Amount | Description |
|---|---|---|---|---|
| Ed Woodworth | 7/02/2014 | 0.2 | $40.00 | Review Defendant's discovery responses |
| Jeff Wilson | 7/16/2014 | 0.4 | $100.00 | Multiple conference calls with client regarding discovery disputes and potential third-party claims; preparation for meet and confer conference with opposing counsel regarding discovery dispute |
| Jeff Wilson | 7/17/2014 | 2 | $500.00 | Conference call with client re: discovery disputes; prepare for discovery conference with opposing counsel; draft proposed resolution to discovery requests; conduct meet and confer conference per local rules |
| Jeff Wilson | 7/24/2014 | 1 | $250.00 | Prepare for discovery dispute motion/hearing on JB/JJT objections and discovery responses |
| Ed Woodworth | 7/30/2014 | 1.2 | $240.00 | Draft/revise joint statement of discovery disputes; correspond with opposing counsel regarding the same; |
| Jeff Wilson | 7/30/2014 | 1 | $250.00 | Revise and finalize discovery motion; legal research regarding objections to discovery raised by opposing party; prepare for discovery conference with Judge |
| Jeff Wilson | 8/07/2014 | 0.75 | $187.50 | Preparation and research regarding discovery motion hearing in San Diego; travel to San Diego and review documents for production during travel |

## APPENDIX A

| Attorney Name | Accounting Date | Apportioned Hours | Apportioned Amount | Description |
|---|---|---|---|---|
| Jeff Wilson | 8/08/2014 | 0.75 | $187.50 | Preparation for hearing; appearance at motion hearing and work on issues arising from the same |
| Ed Woodworth | 9/09/2014 | 2 | $400.00 | Analysis and review of Keystone documents, discovery and analysis of missing Keystone PBE Documents |
| Jeff Wilson | 9/24/2014 | 1 | $250.00 | Attend deposition of Tyczki |
| Nicholas Kurk | 9/25/2014 | 0.7 | $168.00 | Completed document subpoenas to Keystone Automotive Industries Inc. and LKQ Corporation and served registered agent in Chicago. |
| Nicholas Kurk | 9/26/2014 | 0.1 | $24.00 | Phone call to the registered agents of Keystone Automotive Industries Inc. and LKQ Corporation re service of document subpoenas. |
| Heather Kleinhardt | 9/29/2014 | 0.4 | $80.00 | Strategized with Attorneys Jacobs and Woodworth regarding Show Cause Motion; Began review of John Tyczki's Deposition for Show Cause Motion |
| Jeff Wilson | 10/02/2014 | 1.75 | $437.50 | Prepare for depositions and continued work on all pending discovery disputes; research re: sanctions for Keystone issues |
| Heather Kleinhardt | 10/03/2014 | 1 | $200.00 | Continued review of John Tyczki deposition; Conferred with Attorney Woodworth regarding discovery disputes |
| Ed Woodworth | 10/08/2014 | 0.4 | $80.00 | Draft/revise discovery dispute motion |

13CV1946, 13CV1947

## APPENDIX A

| Attorney Name | Accounting Date | Apportioned Hours | Apportioned Amount | Description |
|---|---|---|---|---|
| Ed Woodworth | 10/08/2014 | 0.2 | $40.00 | Draft correspondence to opposing counsel regarding discovery issues |
| Ed Woodworth | 10/09/2014 | 0.2 | $40.00 | Draft/revise discovery dispute motion |
| Ed Woodworth | 10/09/2014 | 1 | $200.00 | Discovery dispute conference and confer with Jeff Wilson regarding same |
| Jeff Wilson | 10/09/2014 | 2 | $500.00 | Work on all issues re deposition preparation. Conference call with client; work on motion to compel discovery |
| Ed Woodworth | 10/10/2014 | 1.1 | $220.00 | Draft/revise discovery dispute motion |
| Ed Woodworth | 10/20/2014 | 0.5 | $100.00 | Review Defendants' Response in Opposition |
| Ed Woodworth | 10/20/2014 | 0.5 | $100.00 | Draft/revise reply brief |
| Ed Woodworth | 10/21/2014 | 2.5 | $500.00 | Draft/revise reply brief |
| Ed Woodworth | 10/22/2014 | 0.4 | $80.00 | Draft/revise reply brief |
| Jeff Wilson | 10/09/2014 | 1 | $250.00 | Attend discovery dispute hearing |
| Ed Woodworth | 11/03/2014 | 3 | $600.00 | Assembly of Keystone Documents to File with Court |
| Ed Woodworth | 11/21/2014 | 4 | $800.00 | Prepare Keystone Time Entries and supporting affidavit (3.5); confer with local counsel regarding the same (0.5) |
| **TOTAL** | | | **$6,824.50** | |