# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>JB COLLISION SERVICES, INC. et al.,<br><br>　　　　　　　　　　　　　　　Defendants. | CASE NO. 13cv1946-LAB (WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF (DOCKET NO. 137) FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DOCKET NO. 124)** |

　　　Defendants filed a motion for relief from a nondispositive order issued by Magistrate Judge Gallo. (Docket No. 137 (requesting relief from order at Docket No. 124).) Defendants argue that they should be granted additional time for their expert to complete testing of wet paint samples and to supplement his report to reflect the results of the testing. Pointing to previous discovery extensions, admonitions that the discovery schedule wouldn't be extended absent good cause, and Defendants' unexcused delay in retaining their expert, Judge Gallo denied Defendants' request. (Docket no. 124.)

　　　Motions for relief from a nondispositive orders of a magistrate judge will be granted only where the moving party demonstrates that the magistrate judge's ruling is clearly erroneous or contrary to law. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("the  magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); Fed. R. Civ. P. 72 ("The district judge

in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Wi–Lan, Inc. v. LG Electronics, Inc.*, 2011 WL 841271, *1 (N.D.Cal. Mar. 8, 2011) (internal citation omitted). "This standard is extremely deferential and the magistrate's rulings should be considered the final decisions of the district court." *Id.* (brackets omitted).

Judge Gallo's ruling is not clearly erroneous or contrary to law. Defendants' entire case is built around the premise that Sherwin-Williams' provided them with substandard paint products. Thus, as Judge Gallo explained, "[t]he need for an expert was not a surprise to anyone." (Docket no. 124 at 19.) Defendants had ample opportunity to assess whether an expert was needed and, if so, to retain one well before the close of discovery. But they didn't retain their expert until the last day to designate experts. (*Id.* at 18.) Defendants' scheduling issues arose out of their own lack of diligence. Their motion is **DENIED**.

Within two days of this order, the parties should contact Judge Gallo to reschedule the mandatory settlement conference. (Docket no. 140.)

**IT IS SO ORDERED**.

DATED: July 16, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge