# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>                                        Plaintiff,<br>   vs.<br>JB COLLISION SERVICES, INC. et al.,<br><br>                                      Defendants. | CASE NO. 13cv1946-LAB (WVG)<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO FILE MOTION FOR RECONSIDERATION** |

Defendants filed a motion for sanctions, arguing Sherwin-Williams engaged in spoliation of evidence when it removed toner cans from Qualtech Auto Collision auto body shop. (Docket no. 126.) Defendants argued the removed toner is significant because (1) Sherwin-Williams provided the Qualtech toner at the same time it supplied paint products to Defendants and (2) Qualtech experienced the same product defects that underlie Defendants' counterclaims. The Court denied the motion but, based on the record before it, found that: the Qualtech toner is relevant to this case; Sherwin-Williams was obligated to maintain a representative sample of the product, whether obtained from Qualtech or another source; and Sherwin-Williams acted negligently in failing to preserve the toner. (Docket no. 176.) Thus, the Court concluded that Sherwin-Williams can't rely on its analysis of paint or paint compounds if its destruction of evidence denied Defendants the opportunity to examine an identical compound. (*Id.* at 6.) The Court also concluded that Defendants' counsel will

be permitted to present evidence that toner was destroyed after a request to preserve it had been made, and argue whatever reasonable inference may follow. (*Id.* at 7.)

Sherwin-Williams has filed an *ex parte* application for leave to file a motion for reconsideration of the order denying Defendants' spoliation motion. (Docket no. 185.) It contends its motion for reconsideration will "provide clarifying evidence as to a few discrete issues." (*Id.* at 2.) Specifically, Sherwin-Williams contends it:

> [1] will demonstrate that it has preserved the evidence most directly related to Defendants' paint quality claims—the paint peel samples obtained from the vehicles submitted by Defendants as warranty claims[;]
>
> [2] will submit evidence that it maintains samples of batches of toners including samples from the toners during the time period at issue here[;]
>
> [3] will demonstrate that Defendants, by their own allegations, purchased nearly $1 million of the very same paint products they allege are no longer accessible over five years[; and]
>
> [4] will submit evidence that it initiated a litigation hold before this matter was filed in August 2013.

(*Id.* at 2-3.)

The Court finds that reconsideration *may* be appropriate in light of Sherwin-Williams' representation that it will present evidence clarifying the actions it took with respect to the toner. *See, e.g. Quinones v. Chase Bank USA, NA*, 2011 WL 5859066, at *3 (S.D. Cal. 2011) (allowing reconsideration where defendant provided clarifying information). Thus, it will allow Sherwin-Williams to file its motion for reconsideration. But, the Court is concerned that the existence of vintage toner wasn't brought to its attention sooner, especially since Defendants' spoliation motion centered on Sherwin-Williams' alleged failure to maintain relevant products. (Docket no. 126 at 7-8.)

The Court notes that, while discovery is closed, and Defendants didn't request the toners in a timely subpoena, a subpoena is only necessary to *command* production. Fed. R. Civ. P. 45. The Federal Rules of Civil Procedure don't prevent *voluntary* production of evidence after the close of discovery. Thus, the record suggests that, but for Sherwin-Williams' actions, Defendants may have had access to Qualtech's toner if Qualtech agreed to produce it voluntarily. And, Defendants' failure to produce Qualtech's toner, or

include analysis of it in an expert report, may be "substantially justified" by their late discovery of the toner's existence and Qualtech's alleged problems with it. Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26; *Galen v. Ave. of the Stars Assocs., LLC*, 2011 WL 837785, at *6 (C.D. Cal. Mar. 1, 2011) (finding late disclosure substantially justified where evidence wasn't known until after the close of discovery). Thus, in light of Sherwin-Williams' representation that it "still can . . . produce 'vintage' toners to Defendants . . . ," (Docket no. 185 at 2-3.), the parties should identify:

(1) the specific toner products Sherwin-Williams removed from Qualtech;

(2) why Defendants didn't maintain samples of those specific toners;

(3) how long it will take for Sherwin-Williams to produce the same toner products to Defendants;

(4) whether the toners were the missing piece that made Defendants' wet system sample complete; and

(5) how long it will take for Defendants' expert to analyze the replacement toners (and, if the toners are the missing piece, the complete wet system sample), and supplement his expert report.

Sherwin-Williams may file its motion for reconsideration no later than August 11, 2015. Defendants may file an opposition no later than August 17, 2015. No reply should be filed unless leave is obtained in advance. The motion and opposition shall not exceed seven pages, not counting any appended or lodged material.

**IT IS SO ORDERED**.

DATED: August 6, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge