1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   THE SHERWIN-WILLIAMS              )   Civil No. 13-CV-1946-LAB(WVG)
     COMPANY,                          )               13-CV-1947-LAB(WVG)
12                                     )
                         Plaintiff,    )   ORDER FOLLOWING
13   v.                                )   TELEPHONIC DISCOVERY
                                       )   CONFERENCE ON JUNE 30, 2015;
14   JB COLLISION SERVICES, INC., *et.* )   STRIKING DEFENDANTS'
     *al.*,                            )   SUPPLEMENTAL EXPERT
15                                     )   WITNESS REPORT DATED JUNE
                         Defendants,   )   22, 2015
16                                     )
     and                               )
17                                     )
     THE SHERWIN-WILLIAMS              )
18   COMPANY,                          )
                                       )
19                       Plaintiff,    )
                                       )
20   v.                                )
                                       )
21   JTT, INC., *et. al.*,             )
                                       )
22                       Defendants.   )
                                       )
23   _____ )

24

25   **I. INTRODUCTION**

26        **A. BACKGROUND**

27        On July 21, 2015, Plaintiff's counsel notified the Court of a discovery dispute

28   involving a supplemental expert witness report provided by Defendants on June 22,

2015.  Plaintiff informed the Court that it planned to pursue a motion to seek enforcement of this Court's Discovery Order, filed on March 11, 2015. (Doc. No. 124.) On July 30, 2015, at 10:00 a.m., this Court held a telephonic Discovery Conference with counsel for all parties. Mr. Jeffrey Wilson and Mr. Eddie Woodworth participated on behalf of Plaintiff, and Mr. Paul Sorrentino and Mr. John Nordlund participated on behalf of Defendants.  During the Conference, for the reasons set forth below, the Court ORDERED Defendants' supplemental expert witness report to be stricken, and ORDERED that the report may not be used in any motions or at trial.

### B. EXPERT DISCOVERY SCHEDULE

On March 6, 2014, the Court issued a Scheduling Order. (Doc. No. 29.) The parties were ordered to designate expert witnesses by November 7, 2014, and to designate rebuttal expert witnesses by November 21, 2015.  Id. at 2.  Initial expert reports were due by December 12, 2014, and supplemental expert reports were due by January 16, 2015.  Id.

On November 5, 2014, Defendants filed an *Ex Parte* Motion for Extension of Time for Defendants' Expert Designation.  (Doc. No. 91.)  On November 13, 2014, granting Defendants' *Ex Parte* Motion, the Court continued the deadline for Defendants to designate expert witnesses related to the quality and testing of Plaintiff's paint to November 21, 2014, and continued the deadline to designate rebuttal expert witnesses on that subject to December 5, 2014.  (Doc. No. 98 at 6.)

On December 8, 2014, Defendants filed an *Ex Parte* Motion seeking an extension of the initial and supplemental expert report deadlines for their paint expert. (Doc. No. 109.)  On December 11, 2014, the Court granted Defendants' *Ex Parte* Motion, and granted Plaintiff's request that the extension apply equally to all parties. (Doc. No. 112.)  All experts witnesses related to the quality and testing of Plaintiff's paint were ordered to prepare a written report by January 16, 2015, and any supplemental experts witness reports on that subject were due by February 13, 2015.  Id. at 2-3. The parties were warned that no additional extensions would be granted.  Id.  The Court

1   also advised the parties that failure to comply with expert discovery or any other
2   discovery order of the Court could result in Federal Rule of Civil Procedure ("Rule")
3   37 sanctions, including a prohibition on the introduction of experts or other designated
4   matters in evidence.  Id. at 3.

## C. **THIS COURT'S MARCH 11, 2015 DISCOVERY ORDER**

6       On February 11, 2015, Defendants filed an *Ex Parte* Application for
7   Additional Time for Defendants' Paint Expert's Supplemental Written Report, or
8   Clarification of the Court's Order.  (Doc. No. 120.)  Defendants sought another
9   extension of the supplemental report deadline for their paint expert so that his testing
10  and results could be included in his supplemental report.  (Doc. No. 120 at 6.)
11  Defendants argued that, through no fault of their own, their expert was unable to
12  complete testing and prepare a supplemental expert report on time.  (Doc. No. 120 at
13  8.)  Plaintiff opposed Defendants' request.  (Doc. No. 121.)

14      On March 3, 2015, this Court held a Discovery Hearing to address Defen-
15  dants' *Ex Parte* Application.  During the Hearing, Plaintiff asserted that supplemental
16  reports are only meant to contradict or rebut initial reports, not to provide new theories
17  or support the expert's own report.  (Doc. No. 121 at 14.)  Plaintiff argued that
18  Defendants raised the issue of testing wet paint samples after they had produced their
19  initial expert report, and thus, Defendants were actually requesting a retroactive
20  extension of the January 16, 2015 deadline to submit their initial expert report with
21  testing the expert should have done months earlier.  (Doc. No. 121 at 6, 9.)

22      Defendants agreed  that supplemental reports were used solely to contradict
23  or rebut opinions provided in initial reports.  Nevertheless, they argued that their expert
24  wanted to test wet paint samples to augment his initial report, not to provide new
25  theories.  See Doc. No. 124 at 5.  Defendants suggested that if the Court was
26  confirming the parties' obligations to supplement under Rule 26(e)(2), then any
27  continued testing, inspections, and document analysis not completed by the supplemen-
28  tal report deadline, but which simply confirmed and supported the opinions of the

designated experts as already disclosed in the initial expert reports, could be produced after the supplemental report deadline.  (Doc. No. 120 at 3.)

On March 11, 2015, this Court ruled that "Defendants will not be permitted to augment their expert's initial report after the January 16, 2015, deadline." (Doc. No. 124 at 20.)  After reviewing the briefs and listening to the arguments asserted by both parties at the Discovery Hearing, the Court determined that Defendants' own conduct placed them in the undesirable position of requesting an extension of the supplemental report deadline so that their expert could conduct testing that should have been completed and included in his initial report.  <u>Id.</u> at 19.  The Court stated that it would violate the purpose of Rule 26(e) and eviscerate any deadlines set by the Court if it granted Defendants' request to allow additional testing to supplement the initial report because it would give the parties free rein to continue testing, inspections, and analysis up through trial.  <u>Id.</u> at 13.  In a 20 page Order, the Court discussed the expert report requirements set forth in the Federal Rules of Civil Procedure, including a party's duty to supplement, which is governed by Rule 26(e).

In its Order, the Court stated,

> "Supplementing an expert report pursuant to Rule 26(e) means 'correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" <u>Gerawan Farming, Inc. v. Rehig Pacific Co.</u>, 2013 WL 1982797, at *5 (E.D. Cal. May 13, 2013) (citing <u>Keener v. United States</u>, 181 F.R.D. 639, 640 (D.Mont. 1998)).  In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure.  <u>Carrillo v. B & J Andrews Enterprises, LLC</u>, 2013 WL 420401 (D.Nev. Jan 31, 2013).

> "Although [Rule 26(e)] requires a party to 'supplement or correct' a disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report...." <u>Lindner v. Meadow Gold Dairies, Inc.</u>, 249 F.R.D. 625, 639 (D.Haw. 2008) quoting <u>Beller ex rel. Beller v. United States</u>, 221 F.R.D. 689, 695 (D.N.M. 2003) (citation omitted).  For example, courts have rejected supplemental expert reports that were significantly different from the expert's original report and effectively altered the expert's theories, or attempted to deepen and strengthen the experts' prior reports.  <u>Id.</u>  Moreover, supplementation "does not cover failures of omission because the expert did an inadequate or incomplete preparation … To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions

would wreak havoc in docket control and amount to unlimited expert opinion preparation." Akeva LLC v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002) (citations omitted).

(Doc. No. 124 at 10-11.)

The Court noted that during the Discovery Hearing, Defendants unequivocally agreed that the term "supplemental report" referred to a report intended solely to contradict or rebut opinion evidence included in an initial expert report. (Doc. No. 124 at 12.) However, Defendants still adamantly argued that the supplemental report deadline should be extended because their expert intended to test wet paint samples for the purpose of augmenting his initial report. Id. at 12-13. By augmenting his initial report, Defendants' expert sought to add to, expand, and strengthen his initial report. Id. at 13. The Court held that this type of supplementation was against the clear language of Rule 26(a)(2)(D), case law, and the Court's Scheduling Order. Id.

The Court determined that all of the allegedly new information that Defendants sought to include in their expert's future supplemental report was available well before production of the initial report, but Defendants failed to diligently retain an expert, obtain samples, conduct testing, and have their expert perform the necessary analyses. (Doc. No. 124 at 14.) Defendants conceded that their expert intended to augment his report, rather than to correct inaccuracies or fill in interstices of an incomplete report, and therefore, the Court determined that any such supplements were improper under Rule 26(e). Id.

### D. DEFENDANTS' OBJECTION TO THIS COURT'S ORDER

On March 25, 2015, Defendants filed an Objection to this Court's Order, seeking review by the District Judge. (Doc. No. 137.) In their Objection, Defendants argued that,

Although Defendants' expert has sufficient support for these opinions based upon the documents and deposition testimony provided during discovery, Defendants' expert wishes to **"augment" (i.e., supplement)**, meaning to provide additional support for and to test, these opinions by performing quality testing on comparative "wet" samples of Plaintiff's paint products, especially the opinion that Plaintiff's products lack the robustness necessary to provide an acceptable defect-free paint finish. The physical testing of these samples would directly correspond to providing

13CV1946, 13CV1947

further support for the opinion that Plaintiff's paint products are deficient on a formulaic level.

(Doc. No. 137 at 19) (emphasis added).

Defendants asked the District Judge to modify this Court's Order to allow Defendants' paint expert to complete his testing of wet paint samples "and to **supplement** its written report to **supplement** its existing conclusions with additional data from this testing in accordance with [Rule] 26(e)." (Doc. No. 137 at 25) (emphasis added). Defendants claimed they would be able to provide any supplementary information prior to June 22, 2015, the pretrial disclosures deadline. (Doc. No. 137 at 25.)

### E. DISTRICT JUDGE'S ORDER

On July 17, 2015, the District Judge issued an Order Denying Defendant's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge. (Doc. No. 178.) The District Judge noted that Defendants argued in their Objection that they should be granted additional time for their expert to complete testing of wet paint samples and to **supplement** his report to reflect the results of the testing. (Doc. No. 178 at 1) (emphasis added). The District Judge observed that Defendants' entire case was built around the premise that Plaintiff provided them with substandard paint products, and Defendants had ample opportunity to assess whether an expert was needed and, if so, to retain one well before the close of discovery. (Doc. No. 178 at 2.) The District Judge stated that Defendants' scheduling issues arose out of their own lack of diligence. (Doc. No. 178 at 2.)

## II. ARGUMENTS

### A. SUBSTANCE OF THE SUPPLEMENTAL REPORT

During the July 30, 2015, Discovery Conference, Plaintiff argued that, despite this Court's Order and the District Judge's Order upholding this Court's decision, Defendants submitted a supplemental expert report from their paint expert, dated June 22, 2015. The supplemental report stated that the expert had conducted additional testing, and the report included multiple new opinions based on the new tests that the

expert conducted.  Plaintiff argued that the supplemental report produced by Defendant is exactly the type of report Defendants requested in their February 11, 2015 *Ex Parte* Application, exactly the type of report they asked for at the March 3, 2015 Discovery Hearing, and exactly the type of report they sought from the District Judge in their Objection.  When this Court's Order was upheld by the District Judge, Plaintiff asked Defendants to withdraw their supplemental report and Defendants refused.  Plaintiff asserted that the supplemental report must be withdrawn and Defendants must be prohibited from relying on the report in motions or at trial.

Defendants acknowledged that they asked for additional time to complete testing and this Court denied their request.  However, Defendants claimed, they supplemented their report in accordance with Rule 26(e)(2), which requires that expert reports be supplemented by the pretrial disclosures deadline.  Defendants argued that this Court's Order prohibited them from augmenting the report, and because they supplemented rather than augmented the report, they have complied with the Order.  Defendants asserted that in the two page report, the expert supplemented his opinion, stating specifically that he reexamined and reaffirmed his expert opinion.  Defendants also argued that the Court is prohibiting them from complying with their duty to supplement under Rule 26(e)(2).

### B. <u>OBJECTION TO THE REPORT</u>

Throughout the Discovery Conference, Defendants staunchly argued that Plaintiff failed to make a timely objection to the supplemental report, and therefore, any objection was waived.  Defendants argued that the Rules require a party to object to pretrial disclosures within 14 days.[1]  Plaintiff argued that it specifically objected to the supplemental report when Defendants produced the report at the time of pretrial disclosures.  Plaintiff directed the Court to its pretrial disclosure objections filed on the docket, which specifically stated, "OBJECTION - Plaintiff objects to this ex-

---

[1] Rule 26(a)(3)(B) governs time for pretrial disclosures and objections. Fed.R.Civ.P. 26(a)(3)(B).  It states that within 14 days after pretrial disclosures are made, unless the court sets a different time, a party may serve and promptly file objections. <u>Id.</u>

1   hibit...based on...the fact that the second supplemental report is untimely." (Doc. No.

2   175 at 33.)  Plaintiff noted that its objection was timely filed on July 3, 2015.

3   **III. DISCUSSION**

4             **A. PLAINTIFF TIMELY OBJECTED**

5         The Court disagrees with Defendants that their paint expert's supplemental

6   report is a pretrial disclosure, rather than an extremely belated supplemental expert

7   report.  However, even if the Court allowed Defendants to smuggle the report into

8   evidence as a pretrial disclosure, Defendants asserted a spurious argument that

9   Plaintiff's lack of objection waived any right to complain about the report.  First, as

10   discussed below, two Judges have already ruled that the supplemental report is

11   improper and cannot be produced.

12         Second, Plaintiff did make a timely objection to the report even if it was

13   considered to be a valid pretrial disclosure. Despite Defendants' insistent argument that

14   Plaintiff had 14 days to object and did not, the docket clearly shows that Plaintiff

15   specifically objected to the supplemental report within the 14 day time frame. After the

16   Court read Plaintiff's objection to the report during the Conference, Defendants

17   withdrew their argument that Plaintiff had failed to object.  Defendants recklessly

18   asserted the waiver of objections argument and refused to back down until they were

19   faced with no other choice.  This careless display lends credence to the Court's

20   conclusion that Defendants have a dangerously relaxed approach to the Rules, Court

21   Orders, and the legitimacy of arguments.

22             **B. TWO JUDGES HAVE ALREADY RULED ON THIS DISPUTE**

23         Nearly five months after this Court issued a 20 page Order denying Defen-

24   dants' requested relief, Defendants now ask this Court to ignore not only its own Order,

25   but also the District Judge's Order upholding that decision.  Defendants assert they

26   have fully complied with the unequivocal Orders from both Courts.  In a desperate

27   attempt to convince this Court to allow their supplemental report to stand, Defendants

28   engage in an outlandish game of semantics, arguing that the Orders from both Courts

specifically prohibit Defendants from augmenting their expert report, and they have

1   complied with the Orders because they supplemented, rather than augmented, the

2   report.

3        It appears that Defendants have forgotten that during the March 3, 2015,

4   Discovery Hearing, they used the terms "augment" and "supplement" interchangeably

5   when asking this Court to allow their paint expert to conduct testing and provide a

6   supplemental report after the deadline.  At the Hearing, Defendants argued, "The

7   problem was, and still is, that our expert, who is a chemist, wants to do testing of wet

8   paint samples.  Not to formulate his opinion, but to **augment** it, to have further backup

9   for it." (Doc. No. 138 at 5) (emphasis added).  Defendants also asserted, "The party's

10  duty to **supplement** extends both to information included in the report and to

11  information given during the expert's deposition."  <u>Id.</u> at 8 (emphasis added).  This

12  Court denied Defendants' motion for relief.  (Doc. No. 124.)

13       It also appears that Defendants have forgotten that in their Objection to this

14  Court's Order, they argued to the District Judge that their expert wished "to **'augment'**

15  **(i.e., supplement)**, meaning to provide additional support for and to test, these opinions

16  by performing quality testing on comparative 'wet' samples of Plaintiff's paint

17  products..." (Doc. No. 137 at 19) (emphasis added).  Defendants asked the District

18  Judge to modify this Court's Order to allow Defendants' paint expert to complete his

19  testing of wet paint samples "and to **supplement** its written report to **supplement** its

20  existing conclusions with additional data from this testing in accordance with [Rule]

21  26(e)."  <u>Id.</u> at 25 (emphasis added).  The District Judge denied Defendants' motion for

22  relief.  (Doc. No. 178.)

23       No doubt realizing that they have run out of options, Defendants now attempt

24  to characterize this report as a timely pretrial disclosure.  They assert that they have

25  simply complied with their requirement under Rule 26(e)(2) to supplement by the

26  pretrial disclosure deadline, and that striking the report would mean that the Court is

27  also striking the parties' obligations under Rule 26(e)(2).  Defendant asks the Court to

28  read Rule 26(e)(2) expansively.  However, the Court has already issued an Order

    thoroughly explaining a party's duty to supplement expert opinions under Rule

26(e)(2). The purpose of Rule 26(e)(2) is not to add information after production of the expert reports, and the Rule is not intended to help disguise an untimely supplemental report as a timely pretrial disclosure. The Rule certainly does not justify supplementing a report because of a party's lack of due diligence.

Defendants' analysis makes a mockery of the Court's deadlines. As the Court has previously addressed in the context of this exact dispute, if it granted Defendants' request to augment (i.e., supplement) their expert's report, there would be no need for parties to request extensions to deadlines, to demonstrate good cause to support such requests, or for the Court to issue a Scheduling Order. Such a standard would lead to chaos during the discovery process and many surprises during trial.

The supplemental report that Defendants produced on June 22, 2015 should have been produced months ago. This dispute has been argued orally and in extensive briefing, and ruled on by two different Judges. Defendants failed to raise any arguments at the July 30, 2015, Discovery Conference to convince the Court that they are not in violation of the Rules, the Scheduling Order, and the two Court Orders ruling on this issue.

When questioned about the reason Defendants need the supplemental report if it simply reaffirms the expert's opinions, Defendants responded that the supplemental report includes the expert's reasons for his opinions. That information should have been included in the expert's initial report, which was due on January 16, 2015. The Court will not allow Defendants to produce this supplemental report more than five months after the deadline, and in direct violation of the Rules and three Court Orders.

## IV. **RULING**

The Court hereby ORDERS Defendants' supplemental expert witness report to be stricken, and ORDERS that the report may not be used in any motions or at trial. IT IS SO ORDERED.

DATED: August 11, 2015

Hon. William V. Gallo
U.S. Magistrate Judge

13CV1946, 13CV1947