# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JB COLLISION SERVICES, INC. et al.,<br><br>Defendants. | CASE NO. 13cv1946-LAB (WVG)<br><br>**ORDER DENYING SHERWIN-WILLIAMS' OBJECTION (DOCKET NO. 99) TO NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DOCKET NO. 98) AND GRANTING MOTION IN LIMINE TO EXCLUDE DAVID SEWELL FROM TESTIFYING AT TRIAL (DOCKET NO. 204.)** |

This discovery dispute involves Sherwin-Williams' failure to produce one of its executives—David Sewell—for a deposition. Sherwin-Williams objects to a nondispositive order issued by Magistrate Judge Gallo. (Docket No. 99 (requesting relief from order at Docket No. 98).) Defendants seek to exclude Sewell from testifying at trial. (Docket no. 204.)

**Background**

In their Second Amended Counterclaim, Defendants allege that, after quality problems arose with Sherwin-Williams' products, Sewell met with Tyczki and told him that he would "take care of all of these issues." (Docket no. 36 at ¶ 20(i).) But, Defendants contend, "Tyczki never heard from Mr. S[e]well again" and "the defects . . . were not corrected." (*Id.*) On September 15, 2014, Defendants noticed Sewell's deposition for October 29, 2014.

(Docket no. 99-1.) Sherwin-Williams objected based on the apex doctrine, under which high-level executives are generally not subject to deposition. (*See* Docket no. 68.) At an October 3, 2014 discovery conference, "Defendants represented that they [were] willing to forgo taking Mr. Sewell's deposition if [Sherwin-Williams would] stipulate that it will not assert a hearsay objection during trial." (Docket no. 54 at 2.) Based on the possibility of a stipulation, the Court ordered the parties to meet and confer to discuss a possible resolution. (*Id.*) Sherwin-Williams contends that, on October 10, 2014, it verbally accepted the proposed stipulation, but Defendants then added two new conditions—that Sherwin-Williams (1) waive all objections to testimony concerning Sewell; and (2) waive its right to call Sewell at trial. (Docket no. 68 at 1.) Defendants argue that these requirements were always part of the proposed stipulation. (Docket no. 73 at 2.)

Defendants filed a motion on this dispute, and on October 29, 2014, Magistrate Judge Gallo warned Sherwin-Williams that it needed to make Sewell available for a deposition on or before November 7, 2014. (Docket nos. 85 and 98.) It gave Sherwin-Williams two options:

> (1) Mr. Sewell could either return to the United States and sit for his deposition on or before November 7, 2014; or
>
> (2) the Court would issue an Order that any and all testimony by or about Mr. Sewell, and any testimony regarding conversations that he may have had with Defendants, offered and/or attempted to be offered by or on behalf of Plaintiff, shall be excluded from trial, and that Plaintiff has waived all objections, especially hearsay, to testimony that may be offered by or on behalf of Defendants regarding the same, and that Mr. Sewell is prohibited from testifying.

(Docket no. 98 at 4.) Sherwin-Williams didn't make Sewell available. (Docket no. 98.) Instead, on November 5, 2014 it moved for an extension of the discovery schedule. (Docket no. 88.) Judge Gallo denied the motion, noting it had been "generous by not imposing severe sanctions" against Sherwin-Williams for "blatantly ignoring" the Court's order "by allowing Mr. Sewell to leave the country and become unavailable for his properly noticed and Court ordered deposition." (Docket no. 98 at 4.)

/ / /

Sherwin-Williams objects to Judge Gallo's order, arguing it is contrary to its asserted interpretation of the stipulation between the parties. (Docket no. 99.)

**Discussion**

**Legal Standard**

Motions for relief from nondispositive orders of a magistrate judge will be granted only where the moving party demonstrates that the magistrate judge's ruling is clearly erroneous or contrary to law. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); Fed. R. Civ. P. 72 ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Wi-Lan, Inc. v. LG Electronics, Inc.*, 2011 WL 841271, *1 (N.D. Cal. Mar. 8, 2011) (internal citation omitted). "This standard is extremely deferential and the magistrate's rulings should be considered the final decisions of the district court." *Id.* (brackets omitted).

**Analysis**

Sherwin-Williams' objection is without merit. First, Sherwin-Williams' suggested interpretation of the stipulation makes no sense. In light of its prior argument that Sewell was an apex witness that shouldn't be bothered to take a deposition, it's evident that the purpose of a stipulation would be to get Defendants' representations regarding Sewell's prior statements into evidence, despite his unavailability. Second, Judge Gallo only suggested that it may be worthwhile for the parties to meet and confer to see if they could reach an agreement. His order doesn't purport to be a recitation of a final agreement between the parties. Thus, at most, the record suggests that the parties tried to reach a suitable stipulation but failed. Third, on October 29, 2014, Judge Gallo specifically cautioned Sherwin-Williams of the consequences of failing to produce Sewell on or before November 7. It was not clear error or contrary to law for Judge Gallo to follow through on his warning.

///

The Court disagrees that excluding Sewell from testifying at trial will result in "extreme prejudice" to Sherwin-Williams. (Docket no. 219.) Defendants' allegations demonstrate that Sewell's role in this dispute is limited to a single meeting. (Docket no. 36 at ¶ 20(i).) Defendants can't credibly expand Sewell's role now that he's been excluded. And it would be unfairly prejudicial to Defendants if Sewell could thwart attempts to depose him, but testify at trial.

Sherwin-Williams' motion (Docket no. 99.) is **DENIED**. Defendants' motion to exclude Sewell (Docket no. 204) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: November 3, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge