# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THE SHERWIN-WILLIAMS COMPANY,<br><br>               Plaintiff,<br><br>   vs.<br><br>JB COLLISION SERVICES, INC. Et al.,<br><br>               Defendants. | CASE NO. 13cv1946-LAB (WVG)<br><br>**ORDER ON MOTIONS IN LIMINE (DOCKET NOS. 202, 207, 210, and 212) AND OBJECTION TO DEFENDANTS' WITNESS LIST (DOCKET NO. 244)** |
|---|---|

The Court issued an order on most of the parties motions in limine, but ordered a hearing on the last four. (Docket no. 237.) The parties appeared for a hearing on November 16, 2015. After hearing argument from the parties, the Court rules as follows:

Defendants' motion to exclude David McCord (Docket no. 202) is **DENIED IN PART AND GRANTED IN PART**. McCord is not qualified to opine about why Defendants submitted more warranty claims than other shops in California, Arizona, or Nevada, so he cannot offer an expert opinion on that subject. He may, however, opine on the other topics for which he is offered.

Defendants' motion to exclude sanctions (Docket no. 207) is **GRANTED**. If the jurors were to hear that the Court had found Defendants are subject to sanctions, they might be biased against them. *See, e.g., CANDY CRAFT CREATIONS, LLC, v. GARTNER.*, 2015 WL 6391202, at *6-7 (S.D. Ga. Oct. 22, 2015). And Defendants have agreed to stipulate to

facts surrounding their misleading discovery responses and purchase of Keystone products during the term of the Supply Agreements. Plaintiff also remains free to introduce evidence that Defendants initially represented that they exclusively purchased from Sherwin-Williams during the term of the Supply Agreements, and that the representation turned out to be false. Thus, there's no reason to risk the potential unfair prejudice presented by the sanctions evidence.

Plaintiff's motion to exclude Ronald J. Lewarchik from testifying outside the scope of his expert reports (Docket no. 210) is **GRANTED**. In no circumstance can Lewarchik testify as to his untimely opinions.

Plaintiff's motion to exclude Lewarchik from testifying pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (Docket no. 212) is **DENIED IN PART AND GRANTED IN PART**. It's true that Lewarchik intended to conduct testing, and wanted to do so, but wasn't able to before the discovery period closed. That said, Lewarchik has a lot of experience in the paint industry, and it's not clear that testing is necessary for him to render his opinions. Instead, lack of testing goes to the weight of the evidence. But Lewarchik shall not testify regarding his seventh proposed opinion—that "[t]he incidence of paint related defect problems dramatically increased with the introduction of the AWX Performance Plus Paint system." This opinion won't help the jury. They can count claims and compare without a Court-ordained expert.

Plaintiff has also objected to Defendants' witness list. (Docket no. 244.) That objection is **OVERRULED**. Defendants cannot go over their 10 hour allotment of time.

**IT IS SO ORDERED**.

DATED: November 16, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge