# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>JB COLLISION SERVICES, INC. et al.,<br><br>                                    Defendants. | CASE NO. 13cv1946-LAB (WVG)<br><br>**ORDER ON *EX PARTE* APPLICATION TO STAY EXECUTION**<br>**(DOCKET NO. 286)** |

The jury entered a verdict in favor of both parties, with the net sum of $2,875,551.30 in Defendants' favor. (Docket nos. 266 & 282.) Plaintiff filed a motion for judgment as a matter of law or alternatively remittitur of damages or a new trial. (Docket no. 285.) It also filed a motion to stay execution pending the Court's decision on its post-trial motion, and argues it shouldn't have to post a bond. (Docket no. 286.)

**Stay of Execution**

In determining whether to issue a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Ninth Circuit applies the *Hilton* factors by requiring the party seeking a stay to show either (1) "a strong likelihood of

success on the merits [of its appeal] and the possibility of irreparable harm," or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (internal quotation marks omitted); *see also SEC v. Retail Pro, Inc.*, 2011 WL 3515910, at *2 (S.D. Cal. Aug. 11, 2011) (applying this standard to a motion for stay execution pending resolution of a judgment as a matter of law and a motion for a new trial). These two alternatives "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Golden Gate Rest. Ass'n,* 512 F.3d at 1116 (internal quotation marks omitted). A court must "consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." *Id*. (internal quotation marks omitted).

Plaintiff's post-trial motion raises significant questions regarding: the sufficiency of Defendants' evidence; their reliance on unpled allegations; the potential of duplicative recovery; and whether Defendants' trial conduct was proper. (Docket no. 285.) Many of these questions arose during trial, and the Court invited Plaintiff's post-trial briefing. While the Court hasn't made a decision on the merits of Plaintiff's post-trial motion, and doesn't do so here, it concludes that Plaintiff has made a strong showing that one or more of their arguments are likely to result in a new trial or reduced verdict. And since Defendants' opposition to the motion to stay admits that the Defendants are in significant debt, (Docket no. 288-1), if Plaintiff prevails on its post-trial motion, it's unlikely that Plaintiff will be able to recover its money. Thus, there's a corresponding likelihood of irreparable harm. While Defendants will suffer some injury if the Court grants Plaintiff's motion to stay and then denies its post-trial motion, the Defendants haven't shown that the injury is "substantial." The hearing on Plaintiff's post-trial motion is scheduled for February 19, 2016—less than one month from now. Thus, this case is substantially different from one where a movant seeks a stay during appeal. For the same reason, the Court concludes that the public interest favors resolution of Plaintiff's post-trial motion before Defendants can execute on the verdict.

/ / /

- 2 -

13cv1946

**Waiver of Bond Requirement**

A waiver of the bond requirement is appropriate under two circumstances: (1) where party's ability to pay is so plain that the cost of the bond would be a waste of money; and (2) where the requirement would put the party's other creditors in undue jeopardy. *Waine-Golston v. Time Warner Entm't-Advance/New House P'ship*, 2013 WL 1899928, at *1 (S.D. Cal. May 7, 2013). "The party seeking the waiver bears the burden showing the relief from the bond requirement is justified." *Id.* Defendants admit that due to Plaintiff's size, it's ability to pay the judgment is not an issue. (Docket no. 288 at 2.) Because Plaintiff's ability to pay is plain, a bond isn't necessary.

**Stay of Execution Against Defendants and Defendants' Bond Obligations**

While Defendants didn't file a reciprocal motion, the briefing on Plaintiff's motion to stay discussed whether Plaintiff can execute its judgment against Defendants and whether Defendants should post a bond. (Docket no. 288 at 1; Docket no. 290 at 3.) Since the net jury verdict is in Defendants' favor, it would be nonsensical to grant Plaintiff's motion without providing the same relief to Defendants. Additionally, even if Plaintiff's post-trial motion is ultimately successful, there's still a strong likelihood that the net result will either be zero or in Defendants' favor. The remaining factors favor a stay of execution against Defendants. Defendants need not post a bond because either they'll have an offsetting judgment in their favor making their ability to pay plain, or they won't and the bond requirement would put their creditors in undue jeopardy.

**Conclusion**

Plaintiff's motion to stay execution and waive the bond requirement is **GRANTED**. Neither party may execute on the judgment until after Plaintiff's post-trial motion is resolved and neither party is required to post a bond.

**IT IS SO ORDERED**.

DATED: January 25, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge