# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY,<br><br>                                                Plaintiff,<br>vs.<br>JB COLLISION SERVICES, INC. et al.,<br>                                                Defendants. | CASE NO. 13cv1946-LAB (WVG)<br><br>**ORDER DENYING MOTION FOR NEW TRIAL ON DAMAGES (DOC. NO. 316) AND MOTION FOR JUDGMENT AS A MATTER OF LAW (DOC. NO. 317)** |

      The Court granted in part and denied in part Sherwin-Williams' motion for a judgment as a matter of law, reducing the damages award on the Body Shop Defendants' claims to $634,357.07. (Docket no. 311.) The Body Shop Defendants' prospective damages evidence was insufficient as a matter of law. (*Id.* at 15–17.) So the Court calculated their maximum possible damages by adding $106,357.07 in damages for unpaid warranty claims, $320,000 attributable to 100 alleged vehicle "re-dos" (i.e., vehicles that allegedly needed to be repainted due to problems with Sherwin-Williams' paint), and $208,000 attributable to 65 vehicles that were allegedly waiting in the queue to be repaired. (*Id.* at 17.) The Body Shop Defendants now move for a new trial on damages. (Docket no. 316.) And Sherwin-Williams moves to further reduce the Body Shop Defendants' damages award, arguing that the Court shouldn't have included the re-dos in calculating damages. (Docket no. 317.)

**The Body Shop Defendants' Motion for a New Trial on Damages**

The Body Shop Defendants' motion for a new trial on damages (Docket no. 316) is **DENIED** for the reasons stated in the order on Sherwin-Williams' motion for a judgment as a matter of law. (Docket no. 311.) *Central Office Telephone, Inc. v. American Telephone & Telegraph Co.*, 108 F.3d 981 (9th Cir. 1997) holds that a court doesn't need to offer the option of a new trial when damages are reduced pursuant to a judgment as a matter of law. *Id.* at 993 (reversed on other grounds). And the Body Shop Defendants' prospective damages evidence is legally insufficient under *Behr v. Redmond*, 193 Cal. App. 4th 517, 533 (2011) and *Green Wood Indus. Co. v. Forceman Int'l Dev. Grp., Inc.*, 156 Cal. App. 4th 766, 778 (2007). Indeed, if the Court held a second trial, and the jury awarded the Body Shop Defendants more than $634,357.07, the recovery would just be reduced again pursuant to *Behr* and *Green Wood*.[1]

**Sherwin-Williams' Motion to Reduce the Body Shop Defendants' Award**

Sherwin-Williams contends that the Court erred by including costs associated with alleged re-dos when calculating the Body Shop Defendants' damages. (Docket no. 317.) They argue that it isn't fair for the Body Shop Defendants to recover these damages because they affirmed during discovery and in pretrial motions that they were "not seek[ing] damages for the undocumented, previously performed re-dos that took place." (*Id.* (citing Docket nos. 45 at 7 and 223 at 2).) This motion poses a tough question; Sherwin-Williams may have justifiably relied on the Body Shop Defendants' representations that they weren't seeking damages related to the re-dos. But there was sufficient trial evidence to establish that the Body Shop Defendants suffered damages as a result of re-dos. And the Court has an obligation when reducing a damages award under Fed. R. Civ. P. 50 to award the maximum

/ / /

/ / /

---

[1] The Court in its judgment as a matter of law order (and Sherwin-Williams in its briefing) relied heavily on *Green Wood*. (*See, e.g.*, Docket nos. 311 at 15 and 319 at 11.) The Body Shop Defendants *still* haven't attempted to distinguish it. Indeed, they don't even address it.

amount supported by the evidence in the record. *Integra Lifesciences I, Ltd. v. Merck KgaA*, 2004 WL 2284001, at *12 (S.D. Cal. Sept. 7, 2004). Sherwin-Williams' motion to further reduce the Body Shop Defendants' damages award is **DENIED**.

      **IT IS SO ORDERED**.

DATED: September 19, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge