1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    THE SHERWIN-WILLIAMS                  CASE NO. 13cv1946-LAB (WVG)
      COMPANY,
12                                          **ORDER RE: COSTS AND**
                                    Plaintiff,   **SUPERSEDEAS BOND**
13         vs.

14    JB COLLISION SERVICES, INC. et al.,

15                                  Defendants.

16         Last November, a jury returned a verdict of about $375,000 for Sherwin-Williams and

17    $3.25 million for JB Collision on various claims resulting from supply-and-buy contracts for

18    auto paint. After trial, the Court granted, in part, Sherwin-Williams' motion to reduce JB

19    Collision's damages to about $260,000 net. (Dkt. 311.) The Clerk calculated

20    Sherwin-Williams' costs at $36,000 and put JB Collision's costs at $41,000. (Dkt. 326, 327.)

21    JB Collision agreed with the Clerk's $41,000 figure, but argues that Sherwin-Williams isn't

22    entitled to any costs because JB Collision is the prevailing party. (Dkt. 328.)

23    **A.    Each party will bear its' own costs.**

24         Typically, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54. "If each

25    side recovers in part, ordinarily the party recovering the larger sum will be considered the

26    prevailing party." Civ. Local R. 54.1. Here, Sherwin-Williams has to pay JB Collision about

27    $260,000. Under the plain language of the rule, JB Collision is the prevailing party and

28    should be allowed costs.

1        But the Local Rule contemplates what's ordinarily, but not always, the case. And Rule

2    54 provides an exception to the presumption where "a court order provides otherwise."

3    "Notwithstanding this presumption, the word 'should' makes clear that the decision whether

4    to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen.*

5    *Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). When exercising this discretion, the Court

6    must "specify reasons for its refusal" to follow the normal presumption. *Ass'n of Mexican-Am.*

7    *Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). There's no "exhaustive

8    list of 'good reasons' for declining to award costs"; rather, the Court needs to provide a

9    sound justification for departing from the ordinary case. *Id.* at 593. Here, the Court specifies

10   two good reasons the parties should cover their own costs.

11       First, although JB Collision secured a net monetary win, that doesn't makes them the

12   prevailing party in this case. That's because Sherwin-Williams brought claims for breach of

13   contract and won all of those claims for $375,000. In mixed judgment cases like this, "it is

14   within the discretion of a district court to require each party to bear its own costs." *Amarel v.*

15   *Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), as amended (Jan. 15, 1997); *see Cornwell*

16   *Quality Tools Co. v. C. T. S. Co.*, 446 F.2d 825, 833 (9th Cir. 1971).

17       Second, many courts have recognized that where a party recovers "substantially less

18   in damages that it had sought," that's a sufficient reason for a court to "support a

19   discretionary decision to deny costs." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342

20   F.3d 1016, 1023 (9th Cir. 2003).[1] JB Collision asked for $32 million and ultimately received

21   only $635,000—2% of the damages sought.

22        In close cases like this one, it's helpful to look to the logic underlying the rule. Rule

23   54(d) deters plaintiff's from filing frivolous suits and recognizes that winning litigant's should

24   be made whole. Where a party wins the suit they filed, but the defendant scores a higher

25   sum on a counter claim (and for substantially less than they sought), awarding costs to one

26

27        [1] *Champion* limited its' holding to contract actions, but JB Collision won damages for
     fraud and misrepresentation. The Court, however, finds the *Champion* logic applies, not only
28   because the heart of this action is a contract dispute, but because the damages are "readily
     calculable" as in *Champion*.

1 party wouldn't further the purpose of the rule. And since the rule contemplates a single

2 prevailing party, the Court finds that neither Sherwin-Williams or JB Collision prevailed, and

3 orders that each bear its' own costs.  *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir.

4 2010).

5 **B.      The supersedeas bond is set at $325,000.**

6          Both parties have appealed. (Dkt. 331, 335.) Sherwin-Williams moved under Rule 62

7 for a supersedeas bond to stay the judgment during appeal. "The purpose of a supersedeas

8 bond is to secure the appellees from a loss resulting from the stay of execution," and the

9 determination of the bond rests in the courts' "inherent discretionary authority." *Rachel v.*

10 *Banana Republic*, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).   The Ninth Circuit has

11 approved bond amounts that cover the judgment and the costs of appeal. *See Am. Ass'n of*

12 *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000).

13          Sherwin-Williams' suggested a reasonable bond of $325,000 that covers the

14 $260,000 judgment with plenty of room for interest and other costs.[2] The Court agrees with

15 Sherwin-Williams that the supersedeas bond is based on the $260,000 net judgment—not

16 the previous jury award of $3.25 million. *See Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077,

17 1085 (9th Cir. 2009) (noting that the "supersedeas bond was amended each time the amount

18 of the judgment changed").

19          The Court orders a temporary stay of enforcement until the bond is filed in compliance

20 with Local Rule 65.1.2 and approved by this Court.  *Hawaii Housing Auth. v. Midkiff*, 463

21 U.S. 1323, 1324, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983) (explaining, it's "well-settled that a

22 court retains the power to grant injunctive relief to a party to preserve  the status quo during

23 / / /

24 / / /

25 / / /

26 / / /

27 ────────────────

28     [2] The Southern District does not require a certain amount for a bond. Other districts require that the bond be 125 percent of the judgment—borrowing that rule here, the amount would be exactly $325,000. Eastern District Local Rule 151(d).

1   the pendency of an appeal").  Once the Court approves the bond, an automatic stay will

2   enter under Rule 62(d).

3

4           **IT IS SO ORDERED**.

5   DATED:  November 17, 2016

6           *Larry A. Burns*

7           **HONORABLE LARRY ALAN BURNS**
            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28