

**FILED**
Jun 14 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ AKR   DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, FKA Sherwin-Williams Automotive Finishes Corp.,<br><br>      Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>JB COLLISION SERVICES, INC., DBA El Dorado Collision, DBA J & M Autobody; et al.,<br><br>      Defendants-counter-claimants - Appellants. | No. 16-56566<br><br>D.C. Nos. 3:13-cv-01946-LAB-WVG, 3:13-cv-01947-LAB-WVG<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |
| THE SHERWIN-WILLIAMS COMPANY, FKA Sherwin-Williams Automotive Finishes Corp.,<br><br>      Plaintiff-counter-defendant - Appellant,<br><br>  v.<br><br>JB COLLISION SERVICES, INC., DBA El Dorado Collision, DBA J & M Autobody; et al., | No. 16-56588<br><br>D.C. Nos. 3:13-cv-01946-LAB-WVG, 3:13-cv-01947-LAB-WVG<br>U.S. District Court for Southern California, San Diego |

        Defendants-counter-claimants - Appellees.

The judgment of this Court, entered April 25, 2019, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, FKA Sherwin-Williams Automotive Finishes Corp., <br><br>    Plaintiff-counter-defendant-Appellee,<br><br> v.<br><br>JB COLLISION SERVICES, INC., DBA El Dorado Collision, DBA J & M Autobody; JJT, INC., DBA John's Collision Center; JOHN TYCZKI, an individual,<br><br>    Defendants-counter-claimants-Appellants. | No.   16-56566<br><br>D.C. Nos.<br>3:13-cv-01946-LAB-WVG<br>3:13-cv-01947-LAB-WVG<br><br><br>MEMORANDUM* |
| THE SHERWIN-WILLIAMS COMPANY, FKA Sherwin-Williams Automotive Finishes Corp.,<br><br>    Plaintiff-counter-defendant-Appellant,<br><br> v.<br><br>JB COLLISION SERVICES, INC., DBA El Dorado Collision, DBA J & M Autobody; JJT, INC., DBA John's Collision Center; | No.   16-56588<br><br>D.C. Nos.<br>3:13-cv-01946-LAB-WVG<br>3:13-cv-01947-LAB-WVG |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JOHN TYCZKI, an individual,

    Defendants-counter-
    claimants-Appellees.

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief Judge, Presiding

Argued and Submitted February 11, 2019
Pasadena, California

Before:  D.W. NELSON, CALLAHAN, and OWENS, Circuit Judges.

In these cross-appeals, each party challenges the district court's reduction of the jury's award of damages in its partial grant of The Sherwin-Williams Company's renewed motion for judgment as a matter of law.  The jury returned a verdict in favor of Sherwin-Williams on its breach of contract claims, and in favor of John Tyczki and his two companies—JB Collision Services, Inc. and JJT, Inc.—(collectively, "Tyczki") on their fraud claims.[1]  The jury awarded the following damages: (1) $265,970.49 to Sherwin-Williams for breach of the supply agreement with JB Collision; (2) $108,478.21 to Sherwin-Williams for breach of the supply agreement with JJT; (3) $750,000.00 to Tyczki for fraud/concealment; (4) $1,250,000.00 to Tyczki for intentional misrepresentation; and (5) $1,250,000.00

---

[1] The facts and procedural history are familiar to the parties and are restated here only as necessary to resolve the issues.

to Tyczki for negligent misrepresentation.[2]

Sherwin-Williams filed post-trial motions, seeking judgment as a matter of law under Federal Rule of Civil Procedure 50, or in the alternative, a remittitur of damages or a new trial under Rule 59.  The district court granted in part the renewed motion for judgment of a matter of law, finding that the evidence supported a maximum verdict of $634,357.07 on Tyczki's fraud claims.  Tyczki filed a motion challenging the district court's ruling, and Sherwin-Williams filed a second motion, seeking a further reduction of damages or a new trial under Rule 50 and/or Rule 59.  The district court stood by its initial Rule 50 ruling and denied Sherwin-Williams's Rule 59 motion as moot.  Sherwin-Williams and Tyczki each appealed.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's grant or denial of a renewed motion for judgment as a matter of law.  *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (denial); *Fahmy v. Jay-Z*, 908 F.3d 383, 389 (9th Cir. 2018) (grant).  The evidence must be reviewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149–50

---

[2] In post-trial motions, Sherwin-Williams argued that awarding Tyczki any more than $1,250,000.00 would be an improper double or duplicative recovery.  The district court did not reach this issue when it reduced the award of damages to below this amount.  In light of our reversal of the order on the judgment as a matter of law, this issue may become ripe on remand.

3

(2000). We must uphold the jury's verdict if it is supported by "substantial evidence," which is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *S.E.C. v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (citation omitted). A question of the legality of the jury's award of damages—in a federal diversity jurisdiction case, as here—is substantive, and thus state law applies. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427–28 (1996).

The jury was instructed, without objection from Sherwin-Williams, that if the jury found for Tyczki on one or more of his fraud claims, the jury "must decide how much money will reasonably compensate . . . Tyczki for the harm" which "must include an award for all harm that Sherwin-Williams was a substantial factor in causing, even if the particular harm could not have been anticipated." The jury was also instructed that its award may include amounts that Tyczki "reasonably spent on reliance on Sherwin-Williams's false representations, concealments, and/or false promises if those amounts would not otherwise have been spent" and this "includes costs to repair customer vehicles[.]" "We generally presume that jurors follow their instructions." *Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citation omitted). The jury instructions did not require a separate finding for past, prospective, reputational, and emotional damages, but rather required the jury to find an amount that would "reasonably compensate" Tyczki for "*all harm* that

4

Sherwin-Williams was a substantial factor in causing." (Emphasis added).

The district court found that there was sufficient evidence at trial to support past damages—specifically, the cost for the 100 re-dos. Sherwin-Williams argues that these costs should be excluded from the damages because Tyczki should be judicially estopped from recovering them, and the economic loss rule bars recovery. We agree with the district court. There was sufficient evidence presented at trial to establish that Tyczki suffered damages as a result of re-dos, and that because Sherwin-Williams was on notice of these arguments, Sherwin-Williams was not prejudiced.

Because the district court instructed the jury to include compensation for all harm in its award, the district court's reduction of damages under Rule 50 requires a determination that there was no evidence to support prospective, reputational, or emotional damages. We reverse because the record supports damages for prospective, reputational, and emotional harm.

The court found that Tyczki failed to prove prospective damages by a "reasonable certainty" and that Tyczki presented "no evidence" to support future harm. We disagree. The testimony of Tyczki, his manager, his employees, and his customers evince that Tyczki painted approximately 10,000 cars with Sherwin-Williams's AWX System, almost all of them experienced dieback, any re-dos were done at no charge to the customer, and Tyczki completed about 100 re-dos.

5

Based on the trial testimony and a common sense reading of the instructions, a reasonable juror could have found prospective damages for costs to repair customer vehicles that have yet to be fixed. The evidence satisfies California's "reasonable certainty" standard. *See Behr v. Redmond*, 193 Cal. App. 4th 517, 533 (2011) (explaining "the 'requirement of certainty . . . cannot be strictly applied where prospective damages are sought, because probabilities are really the basis for the award'" (citation omitted)).

Under California law, a plaintiff may recover damages on fraud claims for noneconomic damages, such as reputational or emotional harm. *See Thomas v. Duggins Constr. Co., Inc.*, 139 Cal. App. 4th 1105, 1111–12 (2006). The district court properly acknowledged that Tyczki offered evidence of reputational harm, but improperly concluded that he "offered no evidence that would allow the jury to calculate the amount of resulting damages." The district court erred in requiring evidence regarding "the amount of resulting damages," because reputational and emotional harm are "hard-to-quantify injuries." *Rony v. Costa*, 210 Cal. App. 4th 746, 756 (2012). The jury "was free to place any dollar amount on [the noneconomic] harm," so long as it was not "so grossly excessive." *Id*. (citation

omitted). Here, the award was not grossly excessive. Therefore, the jury "was free to place any dollar amount" on Tyczki's reputational harm. *See id.*

The district court did not make a finding about emotional damages, but its decision to reduce damages is proper only if there was no evidence of emotional harm. Tyczki testified to being "embarrassed" and "upset" over being "fooled and lied to throughout [the] whole contract" by Sherwin-Williams and testified that Sherwin-Williams is "breaking me." Tyczki's manager similarly testified to being "really nervous and worried about what the future holds" and having "lost quite a bit of sleep worrying about how many cars may come back down the road." A reasonable jury could have included a measure of emotional distress in its "reasonable calculation" of damages for "all harm."

Accordingly, we find sufficient evidence in the record to support the jury's award of damages—encompassing all harm—on the fraud claims. The district court's reduction of the damages is, therefore, **REVERSED**.[3] Because the district court denied as moot Sherwin-Williams's Rule 59 motion (seeking remittitur of damages or, in the alternative, a new trial), this proceeding is **REMANDED** for the district court to consider that motion in light of this decision.[4]

---

[3] Tyczki's unopposed motion to transmit documentary trial exhibits (Dkt. No. 32) is **GRANTED**.

[4] Tyczki argues that the district court violated his Seventh Amendment right to a jury trial by reducing damages without offering him a new trial. Because

7

---

a motion for judgment as a matter of law, unlike a motion for a new trial, does not implicate the Seventh Amendment, *see Weisgram v. Marley Co.*, 528 U.S. 440, 453–54, 454 n.10 (2000), we do not address Tyczki's Seventh Amendment arguments here.

FILED

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Sherwin-Williams v. JB Collision Services, Inc.*, No. 16-56566, 16-56588

OWENS, Circuit Judge, concurring in part and concurring in the judgment:

I agree with the majority that the record supports damages for reputational and emotional harm, and thus with the reversal of the district court's reduction of damages. However, I respectfully disagree with the majority that the record supports damages for prospective harm.

An award may include damages for detriments that are "certain to result in the future." Cal. Civ. Code § 3283. Accordingly, for prospective damages, "there must be evidence to show such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury." *Behr v. Redmond*, 123 Cal. Rptr. 3d 97, 111 (Ct. App. 2011) (citation omitted). Even if Tyczki proved that some number of vehicles have yet to be repainted, the district court correctly determined that Tyczki failed to "introduce any evidence that would allow the jury to determine what portion of the vehicles that they had painted in the past would need to be repainted." Thus, I agree with the district court that Tyczki failed to support prospective damages.